W. C. ALFRED *et al.* v. THE BANK OF HAZELTON.

FORECLOSURE SALE — *Insufficient Appraisement.* An appraisement of real estate proposed to be sold under the provisions of § 453 of the civil code must be made upon actual view had subsequent to the time the appraisers are called and sworn, and an appraisement made based only on a view had before the appraisers have been duly qualified is insufficient.

*Error from Barber District Court.*

AT the February term, 1889, *The Bank of Hazelton* recovered a judgment against *W. C. Alfred* and another, in a suit to foreclose a mortgage. Defendants moved to set aside a sale of the land, which motion was denied. They come to this court. The opinion states the facts.

*A. J. Jones*, for plaintiffs in error.
*Edwards & Noble*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: The bank of Hazelton recovered in the district court of Barber county a judgment against W. C. Alfred and Mary L. Alfred, and also a decree foreclosing a mortgage which they had given to secure the payment of the debt. In pursuance of the judgment, an order of sale was issued, directing the officer to cause the appraisal, advertisement and sale of the mortgaged property. In due time the officer returned that the property had been sold in accordance with the order, after it had been duly advertised and appraised. The Alfreds moved the court to set aside the sale, on the ground that the property had not been appraised as the law required, but their motion was denied.

The sufficiency of the appraisement is the only question presented. It appears that the sheriff called an inquest of three householders and administered to them an oath to impartially appraise the property upon actual view; but it also appears that they did not go near to or inspect the property after they were called and sworn. They had frequently passed along the street on which the property was situate, and, concluding that they were sufficiently familiar with its character and value, they appraised it without visiting the property or seeing the same after they were called. It was town property, and some of them were wholly unacquainted with the interior of the house, and did not know the number of rooms therein, nor anything of the style, quality or expense of the finish upon them. Alfred testified that they had no means of knowing the actual value of the property, and had appraised it at less than its actual value.

The appraisement made does not meet the requirements of the statute. It provides that—

"The officer levying such execution shall call an inquest of three disinterested householders, who shall be resident within the county where the lands taken in execution are situate, and administer to them an oath impartially to appraise the property so levied on, upon actual view; and such householders

shall forthwith return to said officer, under their hands, an estimate of the real value of said property." (Civil Code, § 453.)

The appraisement must be made upon actual view, and the statute clearly contemplates that such view shall be made after the appraisers have been duly qualified as such.   An inspection made prior to the time when they were called and sworn, however thorough it may have been, is insufficient.   The condition and value of property are subject to changes, and the estimate which the appraisers are required to place upon it is the actual value at the time the inquest is held and the appraisement is made, and not the estimate that the same persons may have placed upon the property on a view had at some past time and when they were not qualified as the statute requires. The law plainly enjoins on them the duty of making an actual view after they have been sworn, and the conduct of the appraisers in this instance was a plain violation of the requirement.

The judgment of the district court will be reversed, and the cause remanded, with directions to grant the motion of the plaintiffs in error, and set aside the sale.

All the Justices concurring.