JOHN F. MILLER *et uxor* v. H. V. LOVING.

**No. 10718.**

VIEW BY APPRAISERS —*under judicial process, must not be perfunctory.* Where lands sold at judicial sale are required to be appraised, the appraisement must be upon actual view; and this implies such a view as will enable the appraisers to judge fairly of the value of the land and improvements upon it. The mere entry on one corner of a tract of 240 acres, at a distance of a half-mile from the house and outbuildings, is not a substantial compliance with the law.

Error from Sumner District Court. J. A. Burnette, Judge. Opinion filed June 11, 1898. *Reversed.*

*J. T. Herrick* and *James Lawrence*, for plaintiffs in error.

*W. W. Schwinn*, for defendant in error.

ALLEN, J. This case presents the single question whether appraisers, summoned by the sheriff to appraise land to be sold at judicial sale, must do more, in order to comply with the requirement that the appraisement be made on actual view, than merely go on one corner of a 240 acre tract. The appraisement under consideration was made in June. It appears from the affidavits of the appraisers that they made no inspection of the buildings, orchard, or growing crops, and that they had no accurate knowledge, from previous observation, as to the size and finish of the house, and did not know the number of acres covered with growing crops. The day was windy, and they rode in company with the deputy sheriff to the corner of the land, where they stopped. They did not get out of the buggy, and made no further examination than such as could be obtained from the buggy. The house and outbuildings were half a mile away.

Such an appraisement is not a substantial compliance with the requirements of the oath taken by the appraisers that they will appraise it upon actual view. It would be difficult to announce an exact rule declaring how minute an inspection they must make, but it may be said, in general terms, that they must see the whole property, and, from actual view, obtain such knowledge as will enable them to form an independent judgment as to its value. It may not be necessary to measure each field, or to take an inventory of all that is upon the land, but they should see and observe what improvements there are, and in a general way ascertain the extent and condition of the parts covered by growing crops, and the size and character of buildings, orchards, wells, and other improvements. In brief, their view should enable them to intelligently appraise the property. *Alfred v. Bank of*

*Hazelton*, 48 Kan. 124, 29 Pac. 471. The appraisers in the case under consideration did not substantially comply with the law.

The order confirming the sale is reversed, and the case remanded with directions to set it aside.