ALBERT ARMSTRONG, Receiver,

*vs.*

ROBERT P. LEWIS.

In an action on a negotiable promissory note, the plaintiff must produce and file it, before he can be allowed to recover on it; except when it has been lost or destroyed, in which case he must file the bond required by *Sec. 69, Chap. 73, General Statutes.*

This action was brought in the Court of Common Pleas for Ramsey county. It appears that the firm of Brown, Ketchum & Co. recovered a judgment in said court, in October, 1868, against one August Matthaus and wife, by which judgment it was decreed that two certain promissory notes of $550 and $480.93 respectively, each signed by the defendant, Robert P. Lewis, should be applied in payment of a judgment recovered by Brown, Ketchum & Co. against said Matthaus in January, 1868; and that said Matthaus and wife should place said notes in the hands of Albert Armstrong, who was appointed receiver thereof, for the

purpose of collecting and applying them in payment of the judgment of January, 1868. Armstrong brings this action as receiver, against Lewis upon the note for $480.93.

On the trial the plaintiff testified : " I never had the note in my possession ; I mentioned which note it was ; I told him (defendant) I had called on him for $480.93, and told him on what indebtedness."

The defendant requested the court to charge the jury : *First:* If the jury shall find that the receiver never had the note, nor obtained possession of it, upon which this action is brought, he cannot recover in this action. * * * *Fourth.* That in order that the plaintiff may recover upon the note, he must produce it, or show that he is able to produce it ; unless it shall be made to appear that the note is lost or destroyed, and not in the hands of an innocent holder for a valuable consideration." The said requests were severally refused by the court, and to each refusal defendant duly excepted. A verdict was rendered for the plaintiff. Defendant moved for a new trial, which was denied, and he appeals to this court.

Gaston & Lewis for Appellant.

I.—A receiver can not maintain an action upon a negotiable promissory note before he has either actually or constructively obtained possession of it. It is only for this reason that the court orders that the notes be placed in the hands of the receiver, in order that he may proceed to dispose of or collect the same. * * *

V.—When demand is made upon the maker of a negotiable promissory note for payment thereof, he has a right to demand and have surrendered to him such note on the payment thereof, and if at the time of making such demand

the party making the same refuses or is unable so to deliver such note, or to account for the same, then the maker has a right to refuse for that reason to pay the same. *Edwards on Bills and Prom. Notes*, 504, 507, *and authorities there cited.*

LAMPREYS for Respondent.

I.—The plaintiff was appointed receiver by the court, October 8th, 1868, of the note for $480.93, and directed to dispose of the same, or collect the same, and apply the proceeds thereof to the said judgment. By consequence the plaintiff, as such receiver, then became vested with the title to said note, and the indebtedness evidenced thereby, and had the right to collect the same without any assignment thereof. The plaintiff, therefore, as such officer, had the title to said note and indebtedness, and was entitled to the immediate possession thereof, and could rightfully maintain an action to collect the same. 5 *Sanford*, 610 ; *Ibid*, 653 ; 6 *Barb.*, 542 ; 5 *Selden*, 142 ; 5 *Abbott's Pr.*, 442.

\*    \*    \*    \*    \*    \*    \*    \*    \*

*By the Court*—GILFILLAN Ch. J.—The plaintiff was, by the judgment in an action against the payee of a negotiable promissory note made by this defendant, appointed receiver of said promissory note with authority to dispose of or collect the same. He never received the note into his possession, but brought suit on it against this defendant, the maker.

The judgment appointing him receiver vested in him whatever title to the note the defendant in that judgment had. Supposing such defendant to have been the owner of the note at the date of the judgment, this plaintiff occupies

the position of the owner of a negotiable promissory note which has not been lost nor destroyed, but which when he sues on it, he cannot or does not produce at the trial. When the maker of the note pays it he is entitled to receive it as his security against future liability on it.   Chitty states the rule, " That it is a part of the contract of an acceptor of a bill or maker of a note, to pay on the presentment of the instrument to him for that purpose, and he has therefore the right to have the instrument delivered to him as his voucher. "   *Chitty on Bills, Ch.* 6, *p.* 295, (8*th Ed.*)   It would seem proper to adjust in the same action the respective rights of the parties, the right of the maker to the delivery of the note, with the right of the holder to enforce its payment; and that for such purpose, in an action on it the holder should be required to produce and file it.   When it is lost or destroyed, the courts from necessity reach the same end, to-wit, the security of the maker, by requiring the plaintiff to indemnify him, before giving the plaintiff judgment.   We can find no case, except that of loss or destruction, where the court substituted that inferior security, for the better and more natural security afforded by the delivery of the note.   Courts of law in England and some of the States, denied the plaintiff any remedy in such case, on the ground of their want of power to require him adequately to secure the maker.   In other States, as in Massachusetts, (16 *Pick.*, 315,) such courts, holding that they had such power, have allowed a recovery upon the security being given.

The statute, *Secs.* 68 *& 69, Chap.* 73, *Gen. Statutes*, undoubtedly intends to retain the former practice as to the production and filing of notes before a recovery, or in case of loss or destruction, proof of that fact, and the execution of a bond to indemnify the maker.   This case is not one of a

loss or destruction, to dispense with the production of the note. The plaintiff must produce and file it, or prove it lost, or destroyed, and give the bond required by section 69 before he can recover. We do not decide that the plaintiff must have possession of the note when he brings his action. His title may be good without possession. The production of the note at the trial is required, not necessarily to establish his cause of action, but because the court will withhold a remedy on that cause of action till it is produced. *Brandt vs. Foster, 5 Iowa*, 287.

The order refusing a new trial is reversed and a new trial ordered.