BROOKS, *Plaintiff in Error*, v. MASTIN.

1. . **Administrator de bonis non**: HIS RIGHT TO RECOVER ASSETS OF THE ESTATE. In a suit brought by an administrator *de bonis non* for the amount of a debt due to the deceased, for which the debtor has given his promissory note payable to the first administrator, the plaintiff cannot recover on the note without showing that it has come into his possession; neither can he recover on the original consideration without·showing that the note has not been paid to the first administrator or some assignee, or surrendering the same for cancellation.

2. ———— : ————. Where the first administrator has surrendered to the defendants, who were bankers, certificates of deposit, which they had given to the deceased, without receiving full payment, the administrator *de bonis non* cannot maintain an action against them for the balance. The transaction is the same as if the first administrator had been paid in full and had re-deposited a part of the money. In that case the·defendants would be liable to him, and he would be liable over to the plaintiff, but there would be no liability as between the defendants and the plaintiff.

*Error to Jackson Special Law and Equity Court.*—HON. R. E. COWAN, Judge.

This was a suit by Brooks, the public administrator of Cass county, in charge of the estate of James R. Cline, deceased. The petition was in two counts. The first stated, in substance, that the defendants, on the 18th day of June, 1872, executed and delivered a promissory note in favor of James Blair, Jr., and Nettie Cline, as administrators of the estate of said James R. Cline, and payable to their order for the sum of $4,574.75 ; that the said Blair and Nettie Cline were then administrator and administratrix of the estate of the said decedent, and so continued until the 22nd day of February, 1873, when their letters of administration were revoked, of which fact defendants at the time had. notice; that on the 13th day of May, 1873, plaintiff, in obedience to an order of the common pleas court of Cass county, took charge of said estate, and had ever since had charge of it ; that said note was so executed and delivered to said Blair and Cline in their representative capacity, for

and on account of a debt owing by defendants to the decedent in his life-time, and that the sum of money specified in it and the interest thereon from its maturity, remained due to plaintiff as such administrator, and judgment was prayed accordingly. The note was not filed with the petition, because, as was alleged, it had been lost, mislaid or destroyed, and was not in the possession or power of plaintiff.

The second count stated in substance, that on the 18th day of June, 1872, defendants were indebted to said Blair and Nettie Cline, as such administrators, on several certificates of deposit by them made and delivered to said James R. Cline in his life-time in the sum of $17,889.60, for certain Cass county bonds sold and delivered by said Cline to defendants; that on or about that date said certificates of deposit were surrendered by said administrators to defendants, who paid on that account $12,000, and left the balance unpaid; that on the 22nd day of February, 1873, the letters of said Blair and Nettie Cline were revoked, and on the 13th day of May, 1873, plaintiff, as public administrator, in obedience to an order of the common pleas court, took charge of the estate of the said decedent, and was then the sole administrator thereof, and that said balance with interest, remained due plaintiff as such administrator, and judgment was prayed accordingly.

*R. O. Boggess* with *D. K. Hall* for plaintiff in error.

1. The taking of a note and giving a receipt in full will not extinguish the original indebtedness without a specific agreement to that effect. *Steamboat Charlotte v. Hammond,* 9 Mo. 59, 63 ; *McMurray v. Taylor,* 30 Mo. 263 ; *Johnson v. Scott,* 34 Mo. 129; *Powell v. Charless' Admr.,* Ib. 485 ; *Howard v. Jones,* 33 Mo. 583. So that the taking of the certificate of deposit from defendants by the intestate, did not extinguish the original indebtedness. Would the surrender of those certificates by the administrators, with-

out payment, have that effect?   Payment of less than the whole amount due, even if agreed to be paid and accepted in full payment, would not extinguish the debt.   2 Parsons on Contracts, (3d Ed.) top page 130 ; *Price v. Cannon,* 3 Mo. 453; *Markel v. Spitler.* 28 Ind. 488; 2 Chitty on Contracts, (11 Ed.) 1101; *Willis v. Gammill,* 67 Mo. 730. The sum of money sued for in the second count was due decedent in his life-time; he took certificates of deposit therefor; his administrators surrendered said certificates without full payment; defendants promised to pay the remainder.   This was assets of the decedent's estate, and vested in the public administrator on his taking charge of the estate, which he, and he only; had a right to sue for and recover.   *Lessing v. Vertrees,* 32 Mo. 431; *Naylor v. Moffatt,* 29 Mo. 126 ; *Cheely's Admr. v. Wells,* 33 Mo. 106 ; *Smith v. Denny,* 37 Mo. 20.

2.   The sum of money specified in the first count of the petition, was due decedent in his life-time, his administrator and administratrix, James Blair and Nettie Cline, took a note therefor, payable to themselves in their representative capacity.   Did this act of theirs have the effect to vest the title thereto in them personally ?   On their appointment to administer the estate of decedent, said debt vested in them by operation of law in their representative capacity in trust for creditors and others entitled thereto. Could this change the assets, divest them of their trust character, and place them beyond the reach and control of a succeeding administrator?   The position is not without appearance of authority of this court for its support.   *Lacompte v. Seargent,* 7 Mo. 35; *Thomas v. Relfe,* 9 Mo. 373 ; *Harney, Admr. v. Dutcher,* 15 Mo. 90 ; *Cook's Executor v. Holmes,* 29 Mo. 61 ; *Block, Admr. v. Dorman,* 51 Mo. 31. The cases of *Lacompte v. Seargent* and *Thomas v. Relfe, supra,* have been expressly overruled by *Lessing v. Vertrees,* 32 Mo. 431, which is also inconsistent in principle with *Harney, Admr. v. Dutcher.*   In that case the contract sued on had been taken by and made payable to Harney's ad-

ministrator for the services of a slave by him hired out after the death of the intestate. The case may possibly be sustained on that ground, but it is believed to be wrong in principle, misleading in effect, and it ought to be reversed, distinguished or overruled. *Cook's Executor v. Holmes* and *Block, Admr. v. Dorman*, are also to be distinguished in principle from the case at bar. In those cases notes had been made payable to persons described as administrators of certain estates. The payees had died and their administrators sued on the notes thus made; the defendant objected that plaintiffs were not the proper parties, which objections were overruled, and plaintiffs recovered. Here the plaintiff seeks to recover on a note executed to his predecessors for a debt admitted to have been due the intestate, and the defendant objects that he is not the proper party to sue. If the debt vested by operation of law in the personal representative as trustee in the trust for the benefit of creditors and others entitled to the estate, why will it not vest in the succeeding administrators? The several succeeding admin istrators are nothing more or less than successive trustees of the same trust fund for the same beneficiaries. Will the changing of the evidence of the debt change the ownership of the asset? *The State to use of Blanton's Admr. v. Hunter et al.*, 15 Mo. 490. It is a well established rule of law that trust funds or property may be traced through any number or kinds of imitation or changes without losing their trust character. So long as the product of the trust fund can be traced and identified, so long will it be held subject to the original trust. Perry on Trusts, (Ed. 1872) §§ 127, 128, and note B on p. 101. The taking of said note no more made it the property of James Blair and Nettie Cline than taking the same amount of money in their hands, belonging to the estate of the decedent, and buying real estate, stocks or bonds would have made the things so purchased their property as against the succeeding administrator. The things so bought would have been assets to be-administered, and so with said note.

3. .If the foregoing propositions are correct, then the ruling of the court below is wrong *in toto*, and its decision must be reversed ; but even if the plaintiff in error was not entitled to recover on said note, he was, nevertheless, entitled to recover on the second count of his petition, and so the judgment of the court below must, in any event, be reversed.

*F. M. Black* for defendant in error.

The only question necessarily involved is the right of plaintiff to sue. But there is a collateral question as to the certificates of deposit, whether even if he has such right, the surrender can be invalidated. And first as to the right to sue : When the property in any of the effects of the deceased has been changed by the executor or administrator, and has vested in him, in his individual capacity, such effects will go to his own executor or administrator, and not to the administrator *de bonis non*. *Harney, Admr. v. Dutcher*, 15 Mo. 89, and cases cited ; *Cook's Admr. v. Holmes*, 29 Mo. 61 ; *Block, Admr. v. Dorman*, 51 Mo. 31 ; *Nicolay v. Fritzchie*, 40 Mo. 69 ; *Lacompte v. Seargent*, 7 Mo. 35 ; *Thomas v. Relfe*, 9 Mo. 373. [NOTE.—The two last cases, (7 and 9 Mo.,) are not overruled on this point by *Lessing v. Vertrees*, 32 Mo. 431. It merely restricts the breadth of statement made in former cases. It is not necessary or just to maintain ownership of administrator for every purpose, and especially to pay individual debts with trust property.] *Smith v. Monks*, 55 Mo. 106 ; *Rittenhouse v. Ammerman*, 64 Mo. 197 ; 2 Redfield on Wills, 116, 119, and cases cited.

Second, Whether the surrender can be invalidated, as by showing that a balance was due and unpaid, or that a less amount was received than was due. The petition states, in substance, that the indebtedness of defendants to Cline, deceased, was evidenced by certificates of deposit, and that these were surrendered by his former administra-

tors.   If these fiduciaries betrayed their trust in the dis-
position of the assets, they are liable on their bond.   And
as between the said former administrators and defendants,
the payment of a less sum than the amount claimed, by a
fair and well understood compromise, carried faithfully
into effect, would be a complete -satisfaction of the whole
debt.   2 Parsons on Contracts, (5 Ed.) pp. 618, 619, side
notes; *Milliken v. Brown*, 1 Rawle 391.

HENRY, J.—It is not alleged in the first count that the
note sued on was ever in the possession of plaintiff, or
that it has not been paid to his predecessors, or their as-
signee.   For aught that appears in the petition, it may
have been paid to the former administrators, or assigned
by them to an innocent purchaser.   Conceding that the ,
execution of a note for a pre-existing debt, is not a pay-
ment, as held in the cases of the *Steamboat Charlotte v.
Hammond*, 9 Mo. 60; *McMurray v. Taylor*, 30 Mo. 266, and
*Howard et al., v. Jones*, 53 Mo. 584; yet the party relying
upon that principle, in a suit upon the original contract,
must produce the note for cancellation, as was done in
those cases, or allege a sufficient excuse for its non-produc-
tion.   He cannot sue upon the original cause of action and
also retain the note, or other security given for it.   It is
true, the plaintiff alleges that the note has been lost, mis-
laid or destroyed, but it is not stated that this occurred
while he was in possession of the note.   In this count it is
alleged that the amount of the note is due to plaintiff, but
this is upon the theory that no matter where the note is, or
whether paid to the former administrators or not, the debt
is a part of the assets of the estate, and plaintiff is entitled
to recover.   It is pleading a conclusion of law, and a con-
clusion not predicable of the facts alleged.   *In Cook's Ex-
ecutor v. Holmes*, 29 Mo. 61, the court held that upon Cook's
death the legal title to the note vested in his executor, and
the suit was properly brought in the name of the executor
of Cook.   *Thomas and Thomas v. Relfe, Admr.*, 9 Mo. 373,

is to the same effect, and although overruled by *Lessing v. Vertrees*, 32 Mo 431, it has not been considered as overruled on that point. *Smith's Admr., v. Monks*, 55 Mo. 107 ; *Rittenhouse v. Ammerman*, 64 Mo. 197.

With regard to the second count, most of the foregoing remarks are applicable. The former administrators collected the amount on deposit with defendants, and surrendered the certificates of deposit. A portion of the amount, after the certificates were surrendered, was placed to their individual credit, and this was a conversion of that amount to their own use, and, if not accounted for, they and their securities were liable on their bond. *Harney, Admr. v. Dutcher*, 15 Mo. 90. If the former administrators had collected from defendants a note due the estate, and then deposited the amount with defendants as bankers, upon what principle could their successor, in a proceeding at law, recover that money from defendants? This, in substance, is the transaction disclosed by the second count. It is not alleged the balance deposited with defendants has not been paid by the defendants to plaintiff's predecessors, and that they have that amount of money in their hands belonging to the estate. The doctrine that trust money, or property, may be followed wherever found, has no application to the facts alleged. If suit were instituted to recover the note from one in possession of it, or the money from one who had collected it, or the balance of the deposit, alleging that it was still in the hands of defendants, that doctrine might be invoked, but this is not such a proceeding. Plaintiff relies upon a legal right, where there is no privity betwixt him and the defendants, and alleges no facts which would authorize a court of equity to grant him relief, on the principle that such courts will follow trust property into the hands of any one who may hold it. In the second count it is also alleged, as in the first, not that defendants have not paid the balance to plaintiff's predecessors, which defendants might have done, but that it is

due to plaintiffs, a conclusion of law not warranted by the facts alleged.

The judgment of the law and equity court is affirmed. The other judges concur.

AFFIRMED.