## D. COONRADT V. H. S. CAMPBELL.

1. FORCIBLE ENTRY AND DETAINER; *Insufficient Defense.* Where two parties claim title to a certain lot, and one takes possession and fences it, and the other shortly thereafter tears down the fence and takes forcible possession, *held*, that, in an action of forcible entry and detainer by the former, the latter cannot defend by proof that the former took such possession for the purpose of obtaining the advantages of possession, and because he knew of defendant's claim of title and that he was intending to take possession.

2. POSSESSION, *When Protected.* While scrambling for possession is not to be encouraged, yet the one of two claimants of title who first obtains actual possession is entitled to protection in that possession until his title is adjudged void.

*Error from Miami District Court.*

ACTION of forcible entry and detainer, brought by *Campbell* against *Coonradt.* Trial at the May Term, 1880, of the district court, and judgment for plaintiff. The defendant brings the case here.

*W. B. Brayman,* for plaintiff in error.

*Beeson & Baker,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This case has been to this court before. (22 Kas. 704.) It is an action of forcible entry and detainer. On the first trial in the district court a demurrer to plaintiff's evidence was sustained. This ruling was reversed by this court, and the case remanded for a new trial. On this trial plaintiff recovered judgment, and now the defendant alleges error. The facts are substantially as they appeared when the case was here before. Plaintiff, claiming to hold the original title, fenced the lot. Defendant, holding a tax deed, tore the fence down and took possession. Now the defendant sought to show that in fencing this lot, which at the time was vacant, plaintiff was simply scrambling for possession, so as to cast the burden of litigation on the defendant. He offered to show

that plaintiff knew of defendant's tax deed, that defendant had sold the lot, that notice of the sale was in the paper, that the purchaser was going to build, and that in consequence of this, and without any intention to use the lot in any way, he fenced it, and that he had done this but a few days before defendant broke the fence down and took possession. Concede that all this was proven, and would it have been any defense? The lot was vacant. Two parties claim title. One, to gain what advantages possession may give, enters and takes possession. May the other by force disturb that possession, and resist restitution on the ground that the party taking and having possession did so without any other motive than that of obtaining the advantages of possession in a controversy about title? We are clearly of the opinion that this question must be answered in the negative. If the defendant by virtue of his tax title had any rights, he could have established them without delay and with little expense by an action to recover the possession. In such action, if his title were good, he would recover possession; if defective, because of remedial defects, he would have judgment for his taxes and large interest, and an order adjudging the same a lien on the real estate. (*Fairbanks v. Williams*, 24 Kas. 16.)

Our practice is so simple and clear that there is no excuse for any such conduct as that of the defendant in this case. Scrambling for possession is not to be encouraged; and yet where possession is once taken, it should be respected. The remedies for that, if wrongful, are cheap and expeditious. Settle absolute rights first, and lesser ones will follow. This very case is an illustration. The parties in this case have paid more in the way of costs, twice over, than if a simple action in ejectment had been instituted. It has taken as much time, and no absolute and final rights are as yet determined. The plaintiff has recovered possession, but the title is undetermined. That remains to be settled in some subsequent action.

So far as testimony was sought as to the extent of improvements before the commencement of this suit, it is immaterial. What defendant may have done after taking forcible posses-

sion, amounts to nothing. It does not make his possession of more value, or give him greater rights. He cannot, after forcible possession, by improvements uphold that possession. We see no error in the rulings of the district court, and the judgment will be affirmed.

All the Justices concurring.