## DOUGHTY v. FUNK.

No. 150.    Opinion Filed July 13, 1909.

(103 Pac. 634.)

1.   **BILLS AND NOTES—Actions—Verified Denial.** In an action on a promissory note by one as receiver of the indorsee thereof, where nothing appears by way of indorsement or otherwise to indicate the ownership of plaintiff therein, or that said note had passed under his receivership, but there is an allegation in the petition that "he is the owner and holder of said promissory note as receiver," **held,** that such allegation may be put in issue by an answer not verified by affidavit.

2.   **PLEADING—Want of Verification—Method of Objection—Waiver.** In an action on a promissory note by one as receiver of the indorsee thereof, advantage cannot be taken of a failure to verify an answer putting in issue the ownership of plaintiff to the note sued on by objecting to the introduction of any evidence under it. An objection to said answer for that reason should be taken by motion to strike, or the same will be considered waived.

3.   **BILLS AND NOTES—Actions—Proof of Instrument.** An action on a promissory note by one as receiver of the indorsee thereof cannot be maintained unless the original be introduced in evidence, where the same is in the custody or control of plaintiff. This rule of evidence is not dispensed with by Wilson's Rev. and Ann. St. 1903, sec. 4312, which provides that: "In all actions, allegations of the execution of written instruments and

indorsements thereon, * * * shall be taken as true unless the denial of the same be verified by the affidavit of the party. * * *" Said statute does not dispense with proof of the existence of the instrument or the right of the party to hold it by assignment.

(Syllabus by the Court.)

*Error from District Court, Kingfisher County; A. H. Huston, Judge.*

Action by James Doughty against Jacob P. Funk. Judgment for defendant, and plaintiff brings error. Affirmed.

See, also, 15 Okla. 643, 84 Pac. 484, 4 L. R. A. (N. S.) 1029.

*F. L. Boynton* and *West, Scott & Otjen,* for plaintiff in error. No copy of brief reached the reporter.

*W. M. Hinch,* for defendant in error, citing: 3 Cyc. 243; 11 Enc. Pl. & Pr. 299; *U. P. Ry. Co. v. Harris,* 63 Fed. 800; *Robinson v. Roberts* (Okla.) 95 Pac. 246; *Boston L. Co. v. Organ,* 53 Kan. 386; *Bishop v. McHenry,* 4 Kan. App. 525; *Johnson v. Douglass Co.,* 8 Okla. 594; *Wetmore v. San Francisco,* 44 Cal. 294; *Railroad Co. v. Jamieson,* 20 Okla. 654; *Eggan v. Briggs,* 23 Kan. 710; *So. Kan., etc., Co. v. Barnes,* 66 Pac. 638; *Burley v. Bank,* 11 U. S. 216; *Willoughby v. Hall* (Okla.) 90 Pac. 1017; *McDonald v. Carpenter,* 11 Okla. 115; *Bank v. Frick* (Okla.) 73 Pac. 949; *Kronberg v. Elder,* 18 Kan. 150; *Fowler v. Osgood,* 141 Fed. 20.

TURNER, J. On April 16, 1903, James Doughty, as receiver of the Union Trust Company of Sioux City, Iowa, plaintiff in error, plaintiff below, sued Jacob P. Funk, defendant in error, defendant below, in the District Court of Kingfisher county on the following promissory note:

"Peabody, Kansas, June 1, 1886. Know all men by these presents : That five years after the date hereof, for value received, I promise to pay to the order of Shupe, Tressler & Lark, the principal sum of fourteen hundred dollars, lawful money of the United States of America, with interest thereon at the rate of seven per centum until paid, semiannually, on the first days of

June and December in each year according to the tenor of ten interest coupons of fifty-nine dollars, each, bearing even date herewith, hereto annexed. Both principal and interest coupons payable at the Union Trust Company, Philadelphia, Pa., and if default be made in the payment of any interest coupon or any portion thereof, then all said principal and interest coupons shall at the option of the said Shupe, Tressler & Lark as the legal holder thereof, become at once due and payable without further notice and the holder thereof may collect the principal and interest at once as stipulated on the mortgage made to secure this note. All appraisement and stay laws are hereby expressly waived. The principal and interest coupons are to draw interest at 12 per cent. per annum after default of payment of any interest coupon or after maturity. It is further agreed and declared that the notes are made and executed under, and are in all respects to be governed and construed by the laws of the state of Kansas, and is given for an actual loan of fourteen hundred dollars, said loan being secured by mortgage of even date herewith on real estate, duly recorded. Jacob P. Funk. Donaldson, Hosmer & Co. Witnesses: M. C. Donaldson. E. M. Donaldson."

The petition, in substance, states: That said Union Trust Company is a foreign corporation under the laws of Iowa. That theretofore in the district court in the county of Woodbury in said state said Doughty was appointed receiver of said company. That he is now duly qualified and acting as such and is authorized and empowered to collect debts due and owing to said company and sue and be sued and to transact any and all business necessary to close up the business affairs of said company. That on the date thereof defendant made, executed, and delivered to the payees therein said note, who made thereon (without date) the following statement:

"For value received, we hereby assign and transfer the within note and coupons together with all interest in and right under the real estate first mortgage securing the same without recourse to the Union Trust Company of Sioux City. [Signed] Shupe, Tressler & Lark."

That plaintiff "is the owner and holder of said promissory note as received aforesaid. That no part of said principal or interest has been paid as above set out." and there is now due on

said note $1,671 and interest, and prayed judgment. For amended answer defendant, among other things, pleaded a general denial, and specifically denied, "that James Doughty, receiver of the Union Trust Company of Sioux City, Iowa, is now the owner and holder of the note sued on herein." After reply there was trial to a jury, which resulted in a judgment for defendant, and plaintiff brings the case here for review.

To maintain the issues on his part, plaintiff, evidently for the purpose of avoiding the bar of the statute of limitations, also pleaded by defendant, introduced in evidence the authentication of Dassler's ·Gen. St. Kan. 1901, p. i, and article 2, c. 119, p. 1623, authorizing references to sections in printed statutes; also, article 3, c. 80, § 21, p. 932, and the case of *Mary E. Lane, Adm'x, v. First National Bank,* 6 Kan. 49 construing said statute, and rested his case. Thereupon defendant, assuming the burden of proof that plaintiff, as receiver, was not the owner of said note, and that one Baxter was the real party in interest, proved by him, in substance: That prior to this suit he was a collector and received the note in question from plaintiff's attorney for collection; that on April 11, 1903, he wrote a letter at Marion, Kan,. to defendant,·threatening suit on said note, which said letter was introduced in evidence; that he thought it was in the summer of that year when he bought the note from plaintiff through his attorney and took a written assignment thereof from plaintiff which was not dated, and which was within a year "perhaps" thereafter returned to plaintiff, who inserted, "Dated at Sioux City, Iowa, August 13, 1903"; that he did not have the note and could not produce it for the reason that he "presumed" it was at Marion, Kan.; that he did not know whether he first owned said note before or after this suit was brought, but, being repeatedly pressed by counsel, finally stated: "To my best recollection I did not. I don't know anything about that only as a recollection." The attorney for plaintiff testified that he had no communication with plaintiff about this suit, but that he received all instruction with reference thereto from Baxter, and that after

this suit was brought he received said assignment· of the note in question from Baxter··and is still in possession ·of the same.·

This was substantially all the evidence in the case, and upon· it, as the jury found, in substance, ·that plaintiff was not· the owner of the note ·at ·the time this suit was brought, but that Baxter was the real party . in interest, and, as there is evidence reasonably tending to support the finding, we do not feel disposed to interfere with it,· unless,· as is· contended. by plaintiff, all ·such evidence which ·was objected to on that ground· by defendant at the time was improperly admitted for the reason that the same constituted no defense.   In support of this objection, it .is urged that, as the answer· put in issue plaintiff's ownership of the note, it should have been verified, and as it was not verified, said owner- ship could not be questioned. · We do not think that the answer was required by the statute to be verified to raise the· issue relied on.   The statute (Wilson's Rev. & Ann. St. 1903, § 4312) reads:

"In all actions, allegations of the execution of written instru- ments and indorsements thereon, of the existence of a cor- poration or partnership, or if any appointment or authority, or the correctness of any account duly verified by the affidavit .of the party, his agent or attorney, shall be taken as true· unless the denial of the same be verified by the affidavit of the party, his agent or attorney."

The copy of the note, filed as an exhibit to the petition,·shows that it was specially indorsed by the payee to the Union Trust Company.   Suit thereon is brought by plaintiff as receiver of that company.   Nothing appears by way of indorsement or otherwise to indicate the ownership of plaintiff therein, or that the same passed under his receivership.   He alleges that "he is the owner and holder of said promissory note as receiver."   This is denied in the answer.   In an action on an instrument thus specially in- dorsed, brought by one other than the indorsee, who alleges that he is the owner thereof, an answer, which alleges that plaintiff is not the owner, puts in issue his title, and that too without be- ing verified as required by said section.

*Washington v. Hobart,* 17 Kan. 275, was a suit on four prom-

issory notes all executed by the defendants Washington and Simpson. Two of the notes were made payable to the order of A. L. Austin, and the other two to the order of John Getty. Plaintiff, Hobart, claimed to be the owner and holder of all four notes. He did not claim in his petition that the same were ever indorsed to him, or to any one else, or were ever transferred to him or any one else by indorsement, and the copies attached as exhibits to the petition did not purport to have been indorsed. It simply alleged that the notes had been transferred to him, but how he did not state, but alleged himself to be the owner and holder thereof. Defendant's answer denied that said notes were ever transferred to him, and that he was the owner and holder thereof. The answer was not verified. The court in construing the statute, *supra*, which was Gen. St. 1868, p. 650, § 108, of the Kansas Code, said:

"Under the pleadings it devolved upon the plaintiff to prove that he was the owner and holder of said notes, and as he did not do so the verdict and judgment should have been for the defendants. Ordinarily, where a note payable to order is transferred, it is so transferred by a written indorsement placed on its back; and ordinarily, when such a note is sued on, the plaintiff inserts in his petition an allegation of the execution of such indorsement, and such 'allegation' can be put in issue only by a denial thereof, verified by affidavit. Gen. St. p. 650, § 108. The statute provides that: '* * * In all actions, allegations of the execution of written instruments, and indorsements thereon, * * * shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or attorney.' But a negotiable promissory note, payable to order, as well as every other kind of promissory note, may be transferred in this state without any indorsement, or without any written instrument, and by delivery merely, and so as to authorize the transferee to sue in his own name. Gen. St. p. 635, § 26; *Williams v. Norton,* 3 Kan. 295; *McCrum v. Corby,* 11 Kan. 465, 470. Therefore, in an action on any kind of a promissory note by a person who is not the payee thereof, where the petition says nothing about any indorsement thereof, but there is an allegation in the petition stating that the note was duly transferred to the plaintiff, and that he is now the owner and holder thereof, such allegation may be put in issue by a pleading not verified by affidavit."

To the same effect is *Pattie v. Wilson,* 25 Kan. 227, where Mr. Justice Brewer, speaking for the court, said:

"The plaintiff claimed as assignee. No written assignment was shown. The defendant denied generally and denied specifically plaintiff's interest and title. It is true, the answer was not verified, but only certain allegations are admitted by a failure to answer under oath. Among other things are 'allegation of the execution of written instruments, and indorsements thereon.' Code, § 108. The execution of the note and mortgage may be considered as admitted; but an assignment of the claim, not alleged to have been in writing, is not admitted. A parol assignment could have sustained the allegation in the petition, and a parol assignment is not admitted by failure to verify a denial. *Wash. v. Hobart,* 17 Kan. 275."

*Walker et al. v. Land Title & Trust Company et al.,* 59 Kan. 777, 53 Pac. 476, was an action by the land company and Francis Shunk Brown to recover upon certain promissory notes executed by Orrin E. Walker and Loretta S. Walker, and also to foreclose a mortgage given by the Walkers to secure the payment of the notes. E. M. Sheldon was the payee therein and had indorsed them in writing to the Supreme Trustees of the Order of Tonti. The plaintiff's alleged in their petition that the notes and mortgages had been duly sold and transferred to them by the Supreme Trustees of the Order of Tonti, but did not aver that said indorsement was in writing, and copies of the notes attached to the petition disclosed no indorsement of the same to them. The Walkers for answer filed a general denial and a special allegation that plaintiffs were not the owners and holders of the notes and at the commencement of the suit had no interest therein. The court held that said answer put in issue plaintiff's title to the notes and mortgage, and that the burden of proof was upon plaintiffs to establish the same, although said answer was not verified. See, also, *Morris v. Case,* 4 Kan. App. 691, 46 Pac. 54.

We are therefore constrained to hold that as the answer, although not verified, put in issue plaintiff's title to the note and cast the burden of proof on him which he did not undertake to sustain, and as said title was by the verdict shown to be in Bax-

ter at the time of the commencement of the suit, by evidence properly admissible, said verdict must stand; but, if we are mistaken in what we have said, plaintiff could not take advantage of a failure to verify defendant's amended answer by an objection to the introduction of any evidence under it. An objection for that reason should be taken by motion to strike, or it will be considered waived. 8 Enc. Pl. & Pr. 206, says: "An objection to a want of. verification of a pleading is properly taken by motion to strike out"—citing *Warner v. Warner,* 11 Kan. 121; *Gilmore v. Hempstead,* 4 How. Pr. (N. Y.) 153; *Fritz v. Barnes,* 6 Neb. 435; *Webb v. Clark,* 2 Sandf. (N. Y.) 647; *Indianapolis, etc., Ry. Co. v. Summers,* 28 Ind. 521; *Vail v. Rinehart,* 105 Ind. 6, 4 N. E. 218; *Payne v. Flournoy,* 29 Ark. 500.

22 Enc. Pl. & Pr. 1051, says:

"It is usually held that the fact that a pleading is not properly verified, as required by statute, is not sufficient to oust the court of its jurisdiction, but is merely an irregularity, and that as such the objection may be waived, if not raised, at the proper time and in the proper manner, and cannot be raised for the first time after issue joined.   *   *   *"

*Warner v. Warner,* 11 Kan. 121, was error to reverse a decree of divorce. Two questions were involved. On the first the court held that the petition was not properly verified, and on the second that, as the plaintiff had moved to strike it for want of proper verification, and had also objected to any testimony under the petition, the former was the proper practice, and in passing said:

"This practice was correct. The defect was not one that could be reached by demurrer. It could only be reached by motion,"—citing *Gilmore v. Hempstead* and *Webb v. Clark, supra.*

It is unnecessary to consider other assignments of error, except to say that we have not overlooked the action of the court assigned as error, in sending the pleadings out with the jury when they retired to consider of their verdict. This we do not think reversible error in this case, for more than one reason, among which is that the action, although objected to, was not excepted to

·by counsel at the time. But, aside from all errors, assigned, there is another reason why the judgment could not have been other than for defendant and must be affirmed, and that is the original note sued on was not produced and introduced in evidence, nor any excuse offered for its nonproduction at the trial. This was ·fatal to recovery.

*Sebree et al. v. Dorr,* 9 Wheat. 558, 6 L. Ed. 160, was error from the Circuit Court of Kentucky. Dorr sued Sebree and John- son as assignors upon two promissory notes made to them by the Lexington Manufacturing company payable 12 months after date, one for $10,065.88, and the other for $311.31. The petition, after setting forth the notes, alleged the endorsement thereof to plaintiff, their presentment to the Lexington Manufacturing Com- pany for payment, the refusal and protest for nonpayment, the commencement and prosecution of the suits to final judgment and execution against said company for the amount of the notes in the general court of Kentucky, the return upon the execution that no property could be found, and due notice to the defendants. It also alleged jurisdiction in said court of said cause, and that in consid- eration of the premises defendants became indebted and promised to pay the amount of said notes to plaintiff. The cause came on for hearing upon the general issue. To support the action the only evidence introduced by plaintiff was the record of the foregoing suit, which contained copies of the original notes and the protests by the notary. At the close of plaintiff's testimony, defendants moved for a peremptory instruction, which the court overruled,,, and instructed the jury that the record entitled plaintiff to a ver- dict against defendants, to which proceeding the defendants filed their bill of exceptions and brought the case for consideration to the Supreme Court of the United States. The court, before pass- ing upon the question as to whether the record in the former suit introduced by plaintiff to maintain his action in the present case was sufficient for that purpose, said:

"By the local law of Kentucky instruments of this nature are assignable; and if due and reasonable diligence is used by the as-

signee, to procure payment from the maker, by the speedy commencement and prosecution of a suit against him, and satisfaction cannot be obtained upon the judgment and execution in such suit, the assignor is responsible for the amount; but, with such suit, no action lies against the assignor. It is also provided by the statutes of Kentucky, and the substance of these statutes has been incorporated into the rules of the Circuit Court, that no person shall be permitted to deny his signature, as maker or assignor, in a suit against him, founded on instruments of this nature, unless he will make an affidavit denying the execution or assignment."

And, after in effect holding that owing, among other things, to ascertain variances in the notes, said record was not sufficient, said:

"* * * There is another objection, which is equally decisive in this case. It is that there was no production of the original notes, nor any excuse offered to account for the nonproduction of them at the trial. It is a general rule of the law of evidence that secondary evidence of the contents of written instruments is not admissable, when the originals are within the control or custody of the party. Here no proof was offered to show that the original notes were impounded, or that they were not within the reach of the process of the court. Without such proof, the principles of the common law repudiate the introduction of copies; and copies were all that the record in the most favorable view of the plaintiff, presented to the court. But it is said that the statutes of Kentucky, already referred to, dispense with the proof of the execution of instruments of this nature by the maker, and also of assignments by the assignor, unless the party will on oath deny the signature and the assignment; and that the only object of producing the originals is to establish these facts. The argument therefore is that the statutory provisions amount to dispensation with the general rules of evidence as to the production of the original notes. But to us it appears that the statutes of Kentucky ought to have no such interpretation. The object of the Legislature manifestly was to dispense with the formal proof of instruments, where the party would not deny on oath the fact of their execution. It was thought inconvenient to suffer parties to take advantage of unexpected objections, and multiply delays by general denials, which might often spring up by surprise at the trial, and thus load the cause with heavy and unnecessary expenses. But it would be most dangerous

to allow that, because the proof of the execution of an instrument was dispensed with, therefore no proof of its existence, or of the right of the party to hold it by assignment, was to be required. The production of the original might still be justly required to ascertain its conformity with the declaration, to ascertain whether it remained in its genuine state, to verify the title by assignment in the plaintiff, to trace any payments which might have been made and indorsed, and to secure the party from a recovery by a *bona fide* holder under a subsequent assignment. These are important objects, and to which no wise Legislature would lose sight of; and it is too much to expect any court of justice to infer, upon so slight a foundation, the abolition of these salutary rules of evidence which constitute the great security of the property and rights of the citizens. We are therefore of opinion that the records, however admissable, for the purpose of showing due and reasonable diligence by suit, were not legal evidence of the assignment of the notes, so as to dispense with the production of the originals."

The following cases support this doctrine, concerning which there seems to be little contrariety of opinion: *Isaac Van Auken v. Benj. Hornbeck,* 14 N. J. Law, 178, 25 Am. Dec. 509; *Brooks v. Mastin,* 69 Mo. 58; *Pipes v. Norton,* 47 Miss. 61; *Dowden et al. v. Wilson,* 71 Ill. 485; *Wilkins v. McGuire,* 2 App. Cas. (D. C.) 488; *Powell v. Roach & Alt. Esp. Rep. (Nisi Prius)* 76; *Brandt v. Foster et al.,* 5 Iowa, 287; *Albert Armstrong, Receiver, v. Robert P. Lewis,* 14 Minn. 406 (Gil. 308).

We, accordingly, hold that, in the absence of introduction in evidence of the original note sued on, or, after proper showing, a copy, there was not sufficient legal evidence upon which to predicate a judgment for plaintiff, and for that reason, and for the further reason that we find no error in the record the judgment of the lower court is affirmed.

Dunn, Hayes, and Williams, JJ., concur; Kane, C. J., not participating.