This cause is here on a transcript of the record. It was a suit on *Page 190 
a bank deposit slip. Plaintiff in error, Mrs. J.S. Hastings, had a deposit slip showing that $10,000 had been deposited for her in the Hugo National Bank by her husband, J.S. Hastings, in October, 1907. In November, 1916, she brought this suit against the bank for $10,000. In the meantime the money had all been checked out.
The facts as they appear in the pleadings are: On October 19, 1907, J.S. Hastings, husband of plaintiff in error, had approximately $10,000 on deposit in the Hugo National Bank. On said date he and his wife were in the bank and he requested the bank to temporarily carry $10,000 in his wife's name. The request appears to have been verbal merely, and not by check or written order. Upon such request the bank charged J.S. Hastings' account with $10,000.00, and placed said amount to the credit of Mrs. J.S. Hastings, and gave her the following deposit slip:
 Deposited With The Hugo National Bank
By ____________________________________________________________
 For Mrs. J.S. Hastings,
Hugo, Okla., 10/19, 1907.
------------------------------------------------------------- Please list each check separately. -------------------------------------------------------------
Currency _________________________________________ Silver ___________________________________________ Gold _____________________________________________
Checks as follows. $10,000.00
Ten Thousand Dollars.
C.G. Shull a/c Total
 "Exhibit A"
It is alleged in the answer of the bank that Mr. Hastings did not mean to part with title to the money, and did not do so, but wished only to temporarily place it in his wife's name until after tax assessing time; that a few months thereafter, March, 1908, and after the assessing period had passed, he requested the bank to transfer the amount back to his own account. This request also was merely oral so far as the record discloses. In compliance with same the bank transferred the deposit to his account. It does not appear whether any checks were drawn against the deposit while in his wife's name, but after it had been credited back to his account it was all checked out, partly by himself and partly by his wife. Subsequent to these transactions, but prior to the filing of this suit, there was a mortgage foreclosure suit by the bank against these same parties. The suit was instituted against Hastings, but, being for foreclosure of a mortgage which she also had signed, she was made a party thereto. The date of this suit does not appear in the pleadings, but during the proceedings therein the bank was required to render an accounting to Mr. and Mrs. Hastings as to this particular deposit. The materiality of this fact will appear further on.
In 1916, Mrs. J.S. Hastings presented a check to the Hugo National Bank payable to her order for $10.000. The bank refused payment for lack of funds, whereupon she instituted this suit against the bank for $10,000, basing her cause of action upon the deposit slip above copied. In her amended petition she alleged that in October, 1907, J.S. Hastings deposited in said bank the sum of $10,000 for her, and that her account was credited by said bank with the sum of $10,000; that $5,000 of said sum was her own money, originally and individually, and that the other $5,000 was a gift from her husband, J.S. Hastings, and that she was the absolute owner of the entire sum of $10,000; that she had drawn no checks against said deposit, and had drawn out none of said funds. She filed copy of deposit slip as "Exhibit A" to her petition, and as a part thereof. She alleged that she and her husband had appeared in the bank and in the presence of each other had requested the bank to place said sum to the credit of her account; that the bank had done so and had delivered to her the said deposit slip. That in November, 1916, she drew a check in favor of herself for $10,000 on said bank, and presented same for payment and payment was refused. The check is also made a part of the petition and marked "Exhibit C." Wherefore, she prayed judgment for $10,000, and interest at 6 per cent. per annum.
The defendant bank answered, and in its amended answer alleged in substance: First, by general denial; and for further answer alleged that in October, 1907, Hastings was a depositor in said bank, and had been for a period of time prior thereto, and had carried a deposit of approximately $10,000. That on October 19, 1907, he and his wife appeared in the bank, and in the presence of each other he requested the bank to charge his account with $10,000 and credit Mrs. Hastings' account with said amount; that he said nothing to indicate that he was parting with title and control of his money, but in substance stated that he was not parting with the title to said money, nor putting same beyond his control, but was placing same to her account for his own convenience and accommodation in order that said money might not be in his name when the time came for rendering his property for taxes. That on March 27th thereafter, he requested the bank to retransfer said sum back to his own account, and said sum was thereupon charged to Mrs. Hastings' account and credited to Mr. Hastings' account; that subsequent thereto said sum had been checked out, partly by J.S. *Page 191 
Hastings and partly by Mrs. J.S. Hastings, and that she had thereby ratified and confirmed the transfer of the money. The bank further alleged that each year after statehood, about the time for the rendering of property for assessment, said J.S. Hastings similarly transferred his money with the full knowledge of plaintiff, in order that he might not have same in his possession during the assessing period, and that Mrs. J.S. Hastings never rendered said amounts for taxes.
Defendant further alleged that J.S. Hastings so transferred his money as long as he kept deposits with the bank, and that his wife, plaintiff, never undertook to exercise any control over same, and never acquired or claimed any title thereto.
As a further defense, in the third paragraph of the bank's answer, it is alleged that in case No. 2665 in the district court of Choctaw county, the Hugo National Bank was plaintiff, and J.S. Hastings and his wife were defendants, and that in said suit the said J.S. Hastings sued the bank for an accounting as to the deposit of the $10,000 in question, and that said fund was involved in said controversy and judgment rendered in favor of the Hugo National Bank, and that said funds having been adjudicated in a suit wherein Mrs. J.S. Hastings was defendant, she is now estopped by the judgment therein rendered.
To the first paragraph of the answer, or to so much thereof as constituted a general denial, the plaintiff, Mrs. Hastings, filed a motion to strike upon the grounds that her suit being based upon a written instrument, a general denial not verified constituted no defense thereto. The motion to strike was overruled and exceptions taken. She thereupon filed a demurrer to paragraphs two and three of the answer for failure to allege a defense to her cause of action. The demurrer was likewise overruled, and she thereupon filed a motion for judgment on the pleadings. The motion for judgment was also overruled. The plaintiff, Mrs. Hastings, declined and refused to plead further, but elected to stand on her demurrer and motion for judgment on the pleadings. And upon her refusal to plead further the court rendered judgment in favor of the defendant bank, and the cause is brought here upon an assignment that the court erred in overruling motion to strike and in overruling demurrer to the second and third paragraphs of the answer and in not sustaining her motion for judgment on the pleadings.
In support of the assignment that the court erred in overruling the motion to strike, plaintiff in error cites section 4769, Rev. Laws 1910, and argues that:
"A deposit of money in a bank creates the relation of debtor and creditor."
"That a deposit slip is evidence of indebtedness and is a receipt for the money deposited."
"It is an implied contract to pay upon demand and a certificate of deposit." Citing authorites in support of each proposition.
And, assuming that the deposit slip in question came within the meaning of section 4759, Rev. Laws 1910, which provides that the execution of a written instrument shall be taken as true unless denied under oath, she contends that the motion to strike was a proper procedure, citing Doughty v. Funk,24 Okla. 312, 103 P. 634.
It will be conceded that a motion to strike in a proper case is a proper procedure, as was held in Doughty v. Funk, supra; but in the same opinion this court said:
"He alleges that 'he is the owner and holder of said promissory note as receiver.' This is denied in the answer. In an action on an instrument * * * brought by one other than the endorsee, who alleges that he is the owner thereof, an answer, which alleges that plaintiff is not the owner, puts in issue his title, and that too without being verified as required by said section." Referring to section 4312, Wilson's Rev. and Ann. Stat. 1903, which is the same as the above section 4759, Rev. Laws 1910, and citing a number of Kansas authorities which squarely support the holdings.
In Grand Lodge, etc., Workmen v. Furman, 6 Okla. 649,52 P. 932, in construing said section this court said:
"This section does not provide that every written instrument set out in a pleading must be denied under oath, but simply that the execution of such instrument must be denied, or the execution thereof will be admitted."
The same construction was placed upon said section in Dunn v. Claunch, 15 Okla. 27, 78 P. 388, wherein this court held:
"The trial court evidently had in mind the rule that the execution of a written instrument must be denied under oath, but it also overlooked the fact that, admitting the execution of the bond, the general denial states a good defense, in that it denies that the property was ever delivered to Dunn when the bond (the written instrument) was given."
Many other authorities might be cited wherein this court and the Supreme Court of Kansas have given the above statutes the same construction, viz.: That a general denial, unverified, admits the execution of an instrument, and admits the legal effect of *Page 192 
such instrument, but does not admit any facts extraneous to the instrument itself, and where an affirmative defense is alleged in the answer, such as denial of ownership of an instrument, or denial of ownership of the property referred to in the instrument, or alleges other facts, which if true would destroy the legal purport and effect of such instrument, or which would constitute a defense to its legal purport and effect, such allegations raise an issue distinct from the instrument itself and are not required under said section to be verified.
In the case at bar, the bank denied that the ownership of the funds, referred to in the deposit slip, was in Mrs. Hastings, and alleged that the title to the money was in J.S. Hastings, that he had never parted with title, and that plaintiff, Mrs. Hastings, so understood it, and had full knowledge of the reasons why her husband, J.S. Hastings, had transferred the account in her name, and further alleged that she had never attempted to exercise any control over said funds.
These allegations raised an issue of fact in addition to the question of the execution of the written instrument, and under the above authorities such issues of fact are not required to be denied under oath; therefore the court did not err in overruling the motion to strike.
And the other proposition, viz., that a deposit slip is an implied contract to pay upon demand, etc., does not apply to the circumstances of this case, nor are the authorities cited in support of said proposition applicable to the state of facts in the case at bar.
The next question is whether the court erred in overruling the demurrer to paragraphs 2 and 3 of the answer.
In support of the contention that the court erred in overruling the demurrer, plaintiff in error submits that paragraph 2 was an affirmative defense, in that the bank alleged title to the money to be in J.S. Hastings, instead of the plaintiff, and, in support of the proposition that the deposit slip was prima facie obligation of the bank to pay and the further proposition that the law presumes a deposit to belong to the person in whose name it is entered, cites a great number of authorities. Though we do not question the correctness of any of these authorities, as to their application to the issues to which they were respectively applied, we cannot admit their application to the issues in this case.
In American Home Life Insurance Co. v. Citizens State Bank, 66 Oklahoma, 168 P. 437, this court held:
"A deposit slip, executed by a bank and delivered to a depositor, is not a written contract in which all oral negotiations and stipulations are merged, but it is merely a receipt, constituting prima facie evidence that the bank received the sum stated at that time, which may be explained or contradicted by parol evidence." Citing Talcott v. Bank (Kan.) 36 P. 1066; Bank v. Clark (N.Y.) 32 N.E. 38, 17 L. R. A. 580; 3 R. C. L. 531 and 571.
Also, in American National Bank v. Funk, 68 Oklahoma,172 P. 1078, this court held:
"A deposit slip issued by a bank is but prima facie evidence that the bank received the amount of the deposit on the date shown by the deposit slip. It has the same force and effect as that of any other form of receipt, and is open to explanation as to the conditions surrounding the deposit, and the circumstances under which it was given may be inquired into"
— citing a number of authorities which fully support the holding, among which is Tiffany on Banks and Banking, par. 15, page 42, wherein it is said:
"Where a deposit is made in the name of a third person, the bank must make payment to such person, in the absence of any adverse claim by the actual depositor or another. The actual depositor has a right to demand payment from the bank if the money deposited was his own, and he did not intend to transfer the beneficial ownership of the deposit to the person in whose name it was made."
This doctrine applies fittingly to the allegations in the case at bar.
The allegations in the answer that the title to the money was in J.S. Hastings and that he had never parted with title to same, and that Mrs. Hastings had no title to same, and that she had knowledge of the purpose of the transfer, and that she never assumed to exercise any control over same during the nine years from October, 1907, to November, 1916, except to check out said funds after it had been transferred from her account to his account, and the allegation that all of said funds had been withdrawn upon checks of J.S. Hastings and Mrs. J.S. Hastings, and that no funds belonging to either of them were in the bank, constituted a defense to her right of recovery on the deposit slip, unless denied; therefore, the court did not err in overruling the demurrer as to paragraph 2 of the answer, nor err in refusing to render judgment upon the pleadings in favor of plaintiff, Mrs. J.S. Hastings.
As to whether the allegations in paragraph 3 were sufficient to constitute estoppel by former judgment, it is unnecessary to decide, inasmuch as the allegations in paragraph 2, being undenied and being confessed on demurrer, were sufficient to constitute a defense against the deposit slip. *Page 193 
Upon her refusal to plead further, the court was correct in rendering judgment in favor of the bank.
The judgment is affirmed.
All the Justices concur, except KANE, J., not participating.