## ORCHID SHOPPE, Inc., v. SHERWOOD SHOE CO.

No. 26771. Nov. 10, 1936.

R. L. Christian, for plaintiff in error.

W. G. Roe and Harrison Roe, for defendant in error.

PER CURIAM. This action was commenced in the district court of Tillman county, Okla., by the Sherwood Shoe Company, a corporation, plaintiff, against the Orchid Shoppe, Inc., a corporation, defendant, and is a suit on account, for goods, wares and merchandise sold and delivered by the plaintiff to the defendant.

Petition was filed on the 13th day of November, 1934, and attached to the petition and made a part thereof is as itemized, verified statement of the account sued upon. The petition alleges the sale and delivery of certain goods, wares, and merchandise from the plaintiff to the defendant; specifically alleges the correctness of said account, and prays judgment for the sum of $263.03, with interest thereon at the rate of 6 per cent per annum from June 1, 1934, and the costs of the action. The petition shows that the goods were sold and delivered between the 6th day of March, 1934, and the 23rd day of April, 1934.

The defendant filed motion to quash summons, motion to make the petition more definite and certain, and demurrer to the petition, all of which were overruled by the trial court, and on the 25th day of April, 1935, filed an unverified general denial to the plaintiff's petition. On May 14, 1935, p'aintiff filed motion for judgment on the pleadings. On the same day the cause came on for trial, both parties being present by their attorneys, and announced ready for trial, and upon consideration of the plaintiff's motion for judgment on the pleadings, same was by the court sustained, and judgment rendered for the plaintiff as prayed for.

On May 15, 1935, defendant filed its motion for new trial, which was on the 17th day of May, 1935, by the court overruled, the defendant saving its exceptions to the rulings, order and judgment of the court, and brings the case here for review. The defendant below is the plaintiff in error herein, and the plaintiff in the trial court is the defendant in error herein.

The plaintiff in error set out four assignments of error, all of which may be considered in one general proposition set forth in brief of plaintiff in error, as follows:

"The trial court committed error in sustaining plaintiff's motion for judgment on the pleadings, on plaintiff's verified petition, an unverified general denial of defendant being on file, without first striking said general denial and without the introduction of any testimony to sustain its, plaintiff's, petition."

Disposing of the one general proposition as set forth by plaintiff in error, as above quoted, disposes of every issue before this court. As we view it, the parties have brought themselves squarely within the purview of section 220, O. S. 1931, which is as follows:

"In all actions, allegations of the execution of written instruments and indorsements thereon, of the existence of a corporation or partnership, or of any appointment of authority, or the correctness of any account duly verified by the affidavit of the party, his agent or attorney, shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or attorney."

This section of the statutes is controlling, and is mandatory upon this court. The plaintiff has pleaded an itemized, verified statement of account, and has specifically alleged in its petition the correctness thereof. To this petition the defendant denied general'y the allegations of the petition, which general denial was not verified by the affidavit of the party, his agent or attorney. Not having denied under oath the correctness of the account, same is admitted.

The question then arises, Does an unverified, general denial raise any question to be tried by the trial court, where the only matter presented in plaintiff's petition was the sale and delivery of merchandise and the nonpayment of said account.

Plaintiff in error insists that even though the unverified general denial admits the correctness of the account sued on, yet it is sufficient to put in issue the question of sale and delivery of the goods, wares, and merchandise from the plaintiff to the defendant, and therefore the trial court committed error in sustaining the motion for judgment on the pleadings; there being a question of fact to be tried by the trial court, that of sale and delivery. Plaintiff in error cites in support of its contention the following cases, to wit: Doughty v. Funk, 24 Okla. 312, 103 P. 634, and Hastings v. Hugo Nat. Bank, 81 Okla. 189, 197 P. 457.

In each of the cases cited by plaintiff in

error, supra, were questions other than the execution of the instruments sued on, which questions were put in issue by the unverified, general denials. In the case of Doughty v. Funk, supra, this court said:

"The copy of the note, filed as an exhibit to the petition, shows that it was specially indorsed by the payee to the Union Trust Company. Suit thereon is brought by plaintiff as receiver of that company. Nothing appears by way of indorsement or otherwise to indicate the ownership of plaintiff therein, or that the same passed under his receivership. He alleges that 'he is the owner and holder of said promissory note as receiver.' This is denied in the answer. In an action on an instrument thus specially indorsed, brought by one other than the indorsee, who alleges that he is the owner thereof, an answer which alleges that plaintiff is not the owner puts in issue his title, and that too without being verified as required by said section."

In the above case this court cited the following cases from the Supreme Court of Kansas, as follows: Washington v. Hobart, 17 Kan. 275; Pattie v. Wilson, 25 Kan. 227; Walker v. Land Title & Trust Co., 59 Kan. 777.

These cases all support the theory announced in the case of Doughty v. Funk, supra, and the Supreme Court of Kansas said in the case of Pattie v. Wilson, supra, as follows:

"The plaintiff claimed as assignee. No written assignment was shown. The defendant denied generally and denied specifically plaintiff's interest and title. It is true, the answer was not verified, but only certain allegations are admitted by failure to answer under oath. * * * The execution of the note and mortgage may be considered as admitted; but an assignment of the claim not alleged to have been in writing, is not admitted."

So in the case at bar. The failure of the defendant to deny under oath the itemized, verified account of plaintiff is equivalent to an admission of the correctness of the account.

The case of Hastings v. Hugo National Bank, supra, cited by the plaintiff in error, in addition to the question of the execution of the written instrument, raised an issue of fact, which was denied by the defendant's unverified general and specific denial. In passing upon this question, the court said:

"These allegations raised an issue of fact in addition to the question of the execution of the written instrument, and under the above authorities such issues of fact are not required to be denied under oath."

This court has passed squarely upon the question raised by the plaintiff in error herein, in the case of Checotah Hardware Co. v. House, 169 Okla. 112, 35 P. (2d) 966. In that case the plaintiff declared upon an account for goods sold and delivered, and attached thereto an itemized statement, properly verified, and alleged in its petition the correctness thereof. The defendant denied that it purchased the goods, wares, and merchandise from the plaintiff, and denied that same were delivered to it. The court sustained plaintiff's motion for judgment on the pleadings, holding that the admission of the correctness of the account, by failure to deny same under oath, was also an admission of the completed transaction; that is, of the sale and delivery of the goods, wares, and merchandise as shown in the itemized, verified statement of account.

Plaintiff in error further contends that it was error for the court to sustain motion for judgment on the pleadings without the introduction of testimony, and that the proper procedure was motion to strike the defendant's general denial.

This court has repeatedly held that a motion for judgment on the pleadings is in the nature of a demurrer; it is in substance both a motion and a demurrer; it is a demurrer for the reason that it attacks the sufficiency of the pleadings, and it is a motion for the reason that it is an application for an order for judgment; like a demurrer, it admits the truth of all well-pleaded facts in the pleading of the opposing party. Horton v. Foley, 94 Okla. 9, 220 P. 907; Redskin Mining Co. v. McNeal Machinery Co., 108 Okla. 213, 234 P. 985; Walker v. Von Wedel, 108 Okla. 292, 237 P. 86, and later cases.

This court also held in Good v. First Nat. Bank of Roff, 88 Okla. 110, 211 P. 1051, and later cases, that where a pleading states any facts upon which the pleader is entitled to any relief under the law, a general demurrer, or motion for judgment, should not be sustained.

In the case of Scott v. Woods Lumber Co., 86 Okla. 185, 207 P. 449, this court said:

"A motion for judgment on the pleadings presents two questions to the court in the following order: (1) Is there any issue of material fact? And if no issue of material fact is presented by the pleadings, (2) which party is entitled to the judgment."

This ruling has been followed in other cases before this court.

Applying the above rules to the facts in

180

the case at bar, it will be seen that the trial court committed no error in sustaining plaintiff's motion for judgment on the pleadings. The defendant's unverified answer placed in issue no material fact to be tried. By directing the motion for judgment on the pleadings to the defendant's general denial, it could not stand. In sustaining same it was equivalent to striking the unverified general denial. There is nothing in the record that would indicate that the defendant requested leave to amend its general denial; therefore, there was no other course open to the trial court than to render judgment for the plaintiff.

Finding no error in the record, the judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys J. A. Denny, Lewis J. Bicking, and J. Harve Maxey in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Denny and approved by Mr. Bicking and Mr. Maxey, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, BUSBY, PHELPS, CORN, and GIBSON, JJ., concur. RILEY and WELCH, JJ., absent.