Washington v. Hobart.

———————

JAMES WASHINGTON v. B. F. HOBART.

1. ACTION ON NOTE; *Allegation of Ownership; Pleading; Issue.* In an action on a promissory note by a person who is not the payee thereof, where the petition says nothing about any indorsement of the note, but there is an allegation in the petition which states that said note was duly transferred to the plaintiff, and that he is now the owner and holder thereof, such allegation may be put in issue by a pleading not verified by affidavit.

2. ———— *Issue; Unverified Answer; Burden of Proof.* And in such a case, where the defendant files an answer not verified by affidavit, denying that said note was ever transferred to the plaintiff or to any one else, denying that the plaintiff was the owner or holder thereof or that he had any right, title or interest therein, and alleging that the payee was still the owner and holder thereof, *held,* that it devolved upon the plaintiff to prove that the note had been transferred to him.

3. ———— *Error; Instruction.* And where such a case is submitted to a jury, and no evidence is introduced, it is error for the court to instruct the jury to find for the plaintiff.

*Error from Sedgwick District Court.*

HOBART, as plaintiff, at the March Term 1875, recovered judgment against *James Washington* and *W. B. Simpson*, for the sum of $10,477.52, and costs. *Washington & Simpson* bring the case here. All necessary facts and proceedings are stated in the opinion of the court.

*Tucker & Fisher,* and *Ruggles & Sterry,* for plaintiffs in error.

*Adams & Harris,* and *H. G. Webb,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action on four certain prom-
issory notes.    Each of the notes was executed by the de-
fendants below, "Washington & Simpson."    Two of the
notes were made payable "to the order of A. L. Austin,"
and the other two "to the order of John Getty."  The plain-
tiff Hobart now claims to be the owner and holder of said
four notes.    He does not however allege in his petition below
or elsewhere that the notes were ever *indorsed* to him, or to
any one else, or that they were ever indorsed at all, or that
they were transferred to himself or to any one else by indorse-
ment; and the copies which he gives do not purport to have
ever been indorsed.    He alleges that each of the notes was
*transferred* to him; but how it was transferred, he does not
state.    As to the first note, he says "that before said note
became due it was for a valuable consideration by the said
Austin transferred to the said plaintiff, who on the 28th of
August 1874 was and now is the lawful owner and holder
thereof."    He alleges the transference of the other three
notes in substantially the above form.    The defendants in
their answer deny that said notes were ever transferred, or
that the plaintiff was ever the owner or holder thereof, or
that he ever had any right, title or interest therein, and allege
affirmatively that the payees of said notes are respectively the
owners and holders thereof.    These allegations and denials
in the answer were not verified by the affidavit of any per-
son.    The defendants also alleged some other matter in their
answer, to which the plaintiff replied.    A jury was then
impanneled to try the cause.    Neither party introduced any
evidence.    The court then instructed the jury as follows:
"Gentlemen of the jury, you are instructed that upon the
pleadings and the evidence in this case the plaintiff is enti-
tled to recover of the defendants the sum of $10,741.18."
The jury then found a verdict in favor of the plaintiff for
that amount, and judgment was rendered accordingly.    The
judgment was however afterward reduced to $10,477.52,

which was the aggregate amount of the notes with interest. The defendants moved for a new trial, which motion was overruled. All said rulings were duly excepted to by the defendants, and they now bring the case to this court for review.

We think the court below erred in its charge to the jury. Under the pleadings it devolved upon the plaintiff to prove that he was the owner and holder of said notes, and as he did not do so the verdict and judgment should have been for the defendants. Ordinarily, where a note payable to order is transferred, it is so transferred by a written indorsement placed on its back. And ordinarily when such a note is sued on, the plaintiff inserts in his petition *an allegation of the execution of such indorsement,* and such *"allegation"* can be put in issue only by a denial thereof, verified by affidavit. (Gen. Stat. 650, § 108.) The statute provides that "in all actions, *allegations* of the execution of written instruments, *and indorsements thereon,* * * * shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or attorney." But a negotiable promissory note, payable to order, as well as every other kind of promissory note, may be transferred in this state without any indorsement, or without any written instrument, and by delivery merely, and so as to authorize the transferee to sue in his own name. (Gen. Stat. 635, § 26; *Williams v. Norton,* 3 Kas. 295; *McCrum v. Corby,* 11 Kas. 465, 470.) Therefore, in an action on any kind of promissory note by a person who is not the payee thereof, where the petition says nothing about any indorsement thereof, but there is an allegation in the petition stating that the note was duly transferred to the plaintiff, and that he is now the owner and holder thereof, such allegation may be put in issue by a pleading not verified by affidavit. Now in the present case there is no "allegation" of any "indorsement" of either of the notes sued on. As to two of them, there is not the slightest intimation to be found in any portion of the record as to any kind of an indorsement. As to the other two, the only intimation of any kind as to any

St. Jos. & D. C. Rld. Co. v. Dryden.

indorsement is to be found in the third count of the petition, where it is stated that these two notes were protested, and notice of their dishonor was "duly given to the indorsers." Now it will be remembered that the plaintiff in this case was not the payee of any one of said notes, and was not entitled to recover on any one unless it was legally shown that he was the transferee thereof. We do not think that it was legally shown that he was the transferee of any one of said notes, yet he was allowed to recover the full amount of every one of them. We think the court below erred in this.

The judgment of the court below must therefore be reversed, and the case remanded for a new trial.

All the Justices concurring. -