A. E. MORRIS v. THEODORE A. CASE.

No. 105.

1. PROMISSORY NOTE — *Indorsement* — *Unverified Pleading.* Where, in an action on a promissory note by a person who is not the payee thereof, the petition says nothing about any indorsement of the note, but contains the allegation that said note was "for value sold and delivered to this plaintiff," such allegation may be put in issue by a pleading not verified by affidavit.

2. ———— *Unverified Denial—Plaintiff Must Prove Transfer.* Where a defendant files an unverified answer denying the transfer of the note sued upon, and that the plaintiff was the owner and holder thereof, *held,* that it devolved upon the plaintiff to prove that the note had been transferred to him.

MEMORANDUM.—Error from Cloud district court; F. W. STURGES, judge. Action on a promissory note by Theodore A. Case against A. E. Morris. Judgment for plaintiff. Defendant brings the case to this court. Reversed. The opinion was filed September 12, 1896.

STATEMENT OF THE CASE.

THEODORE A. CASE, defendant in error, brought suit in the district court of Cloud county to recover of A. E. Morris, plaintiff in error, the amount due on the following promissory note :

"$800. KANSAS CITY, MO., Nov. 11, 1890.

"Five months after date, for value received, we promise to pay to Union Investment Company, or order, $800, at the American National Bank of Kansas City, Missouri, with interest after maturity at 10 per cent. per annum until paid. A. E. MORRIS.

"No. 3065. Due April 11, 1891."

It contained the following indorsement :

"Pay to the order of The. A. Case. Demand and protest waived. UNION INVESTMENT COMPANY.

By T. F. PAGE, *Treasurer.*"

The petition alleges :

"That on the 11th day of November, 1890, A. E. Morris executed and delivered to the Union Investment Company his promissory note in writing ; . . . that afterward and before due the said Union Investment Company, for value, sold and delivered said note to this plaintiff, Theodore A. Case (copy of said note is hereto attached marked 'A' and made a part of this petition) ; that no part of said note has been paid, and that the entire amount is long past due."

The defendant filed an answer containing a general denial and the following :

"And further answering this defendant says, that he denies that the plaintiff, Theodore A. Case, is the owner and holder of the note set up and mentioned in said petition ; and further, he denies that he became the owner and holder of said note before the maturity thereof ; and further, this defendant says that the said note is fully paid, both principal and interest."

The reply was a general denial. The case was tried to a jury, and upon the trial, and upon application of plaintiff's attorney, the court held that the burden of proof was upon defendant. The plaintiff introduced no evidence, nor did the defendant. Thereupon the court, upon request of the plaintiff, instructed the jury to return a verdict for the plaintiff, which instruction was as follows : " In this case you are instructed to find a verdict for plaintiff for the amount claimed ; this is $800, with interest at 10 per cent. from April 11, 1891." It refused the following instruction, asked by defendant ; " The jury are instructed to return a verdict for the defendant." The jury returned a verdict for the plaintiff and judgment was rendered thereon by the .court. Motion for a new trial overruled and exceptions taken. Defendant brings the case here for review.

*Pulsifer & Alexander*, for plaintiff in error.
*Webb McNall*, for defendant in error.

The opinion of the court was delivered by

GILKESON, P. J.: The only question presented in this case is, Upon whom was the burden of proof? "In all actions, allegations of the execution of written instruments and indorsements thereon . . . shall be taken as true unless the denial of the same be verified. . . ." (Civ. Code, §108.; Gen. Stat. 1889, ¶ 4191.) The first question then to be answered is, Does the petition contain any allegation of indorsement upon the instrument declared upon? This we must answer in the negative. It could with as much propriety be said that, because the note shows on its face that it was made November 11, 1890, and to be paid in five months, and has written thereon "Due April 11, 14, 1891," this would constitute an allegation of nonpayment, because the court could see that the time for which it was to run had expired. Section 87 of the code provides: "The petition must contain . . . (2) a statement of the facts constituting the cause of action, in ordinary and concise language, and without repetition." What are the facts constituting the cause of action as stated in this petition? That Morris made his note for a certain amount payable to the Union Investment Company in five months from its date, with a given rate of interest, that the payee *sold* and *delivered* it to the plaintiff, and that it is due and unpaid. Here is a distinct allegation of title, and how it is derived, and we think that the plaintiff is bound by it. Sale and delivery of a note do not include indorsement. It is one of the methods of transferring the title, it is true, but not

the only one, and the cause of action would have been as complete if the indorsement on this note had never been written.    Nor does indorsement necessarily imply a sale of the instrument indorsed.

But it is contended that a copy of the note is attached, and that the indorsement appears thereon. But is there any allegation in the petition that intimates that the plaintiff relied upon this indorsement as his source of title?    Not the slightest hint is given of any such intention.    He does not allege the execution of any indorsement, nor even allege that it is a copy of the note with all indorsements thereon, or that the copy shows any indorsement.    Can it be said that an indorsement is a part of a note?    We think not.    It is a separate and independent contract.    "The indorsement of a note is not merely a transfer thereof, but it is a fresh and substantive contract."    (Daniels, Neg. Inst. § 669 ; *Hess v. The State*, 5 Ohio, 9.)

We think that, as Case did not refer to any indorsement, the unverified denial of Morris put in issue the title of Case to the note and the burden of proof was upon him.    We think this is well settled in this state. In *Washington v. Hobart*, 17 Kan. 275, the court says :

"Ordinarily, where a note payable to order is transferred, it is so transferred by a written indorsement placed on its back.    And ordinarily, where such note is sued on, the plaintiff inserts in his petition an *allegation of the execution of such indorsement*, and such ' *allegation* ' can be put in issue only by a denial thereof, verified by affidavit.    .    .    .    But a negotiable promissory note payable to order, as well as every other kind of promissory note, may be transferred in this state without any indorsement, or without any written instrument, and by delivery merely, and so as to authorize the transferee to sue in his own name. .    .    .    Therefore, in an action on any kind of promissory note by a person who is not the payee

thereof, where the petition says nothing about any indorsement thereof, but there is an allegation in the petition stating that the note was duly transferred to the plaintiff, and that he is now the owner and holder thereof, such allegation may be put in issue by a pleading not verified by affidavit."

A parol assignment of this note would have sustained the allegation of the petition, yet a failure to verify a denial would not admit a parol assignment. (*Pattie v. Wilson*, 25 Kan. 326.)   If the note was in fact indorsed, the plaintiff should have alleged it in his petition as one of the facts constituting his cause of action.   A failure to file an affidavit of denial mentioned in section 108 of the code admits nothing except the execution of a written instrument and the making of an indorsement thereon when they are set forth and alleged in the petition.

The judgment of the district court will be reversed, and the case remanded for new trial.

All the Judges concurring.