SOUTHERN KANSAS FARM LOAN AND TRUST COMPANY
v. M. D. BARNES.

No. 12,232.    (66 Pac. 638.)

SYLLABUS BY THE COURT.

PROMISSORY NOTE— *Guaranty—Pleading.* Where the petition in an action on a guaranty of payment of a note and interest coupons by one other than the payee alleges that the plaintiff is the owner and holder of the note and coupons, but does not allege the execution of a written indorsement of the same, an unverified general denial puts the ownership of the paper in issue.

Error from Sumner district court; W. T. McBRIDE, judge.    Opinion filed November 9, 1901.    Division one.    Reversed.

*Herrick & Rogers,* for plaintiff in error.
*Ready & Ready,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: In an action by M. D. Barnes to recover from the Southern Kansas Farm Loan and Trust Company, guarantor of certain mortgage notes and coupons, she set up copies of the notes and coupons on which there was a blank indorsement signed by the trust company, but no allegation as to the execution of an indorsement was included in the petition. There was an averment of the execution of the guaranty, and a copy of the same was attached to the petition. The trust company filed its answer, containing a general denial and a plea of the statute of limitations. At the trial the plaintiff offered no evidence, but claimed judgment on the pleadings, and the trust company offering no evidence, the court, over its objection, gave judgment for Barnes.

The principal question presented is, Did the unveri-

fied answer put the ownership of the coupons in issue? The petition alleged that the trust company agreed to pay to the legal holder the amounts of the coupons as they became due, and it was further alleged that Barnes was the owner and holder of them.   The answer of the defendant traversed every material allegation of the petition and put the allegations of ownership in issue.   Ownership is a fact distinct from indorsement, and, besides, there were no allegations in the petition of the execution of the indorsement, nor even that plaintiff had acquired ownership by indorsement.   If the execution of an indorsement had been alleged, it must have been accepted as a fact, the answer not being verified.   It is true that blank indorsements do appear on the copies of the coupons attached to the petition, but no reference or averment in respect to them was made by the pleader, and it is an allegation of the execution of an indorsement, not of the ownership, that is admitted, in the absence of a verified denial.   (Civil Code, § 108; Gen. Stat. 1901, § 4542.) The indorsements on the back of the copies of the coupons do not even indicate whom the transferee is. Even if they did, the plaintiff does not allude to the execution of any indorsement, or hint that she acquired ownership of the coupons by that means.   It is well settled that, in the absence of such an allegation, an unverified denial is sufficient to put the ownership of paper like that in controversy in issue, and places the burden of proof on the plaintiff.   (*Washington v. Hobart*, 17 Kan. 275; *Morris v. Case*, 4 Kan. App. 691, 46 Pac. 54; *Pattie v. Wilson*, 25 Kan. 326; *Hutchison v. Myers*, 52 id. 290, 34 Pac. 742.)

The claim that the cause of action is barred by the statute of limitations cannot be sustained.   The amended petition is a continuation of the litigation as

at first instituted, and it relates back to the filing of the original petition. At that time the cause of action was not barred on the guaranty and coupons.

For the error of the court in giving judgment for plaintiff on the pleadings without proof, there must be a reversal and another trial.

SMITH, GREENE, ELLIS, JJ., concurring.