Joaquín Cortada, Plaintiff and Appellee, v. Gloria de Jesús et al., Defendants and Appellants.

No. 7318.   Argued June 18, 1937.—Decided July 12, 1937.
Rehearing denied July 30, 1937.

D. *Pellón, Jr.*, for appellants. *Dubón & Ochoteco* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Joaquín Cortada brought an action of debt against Gloria and José de Jesús in the Municipal Court of San Juan and obtained a favorable judgment. The defendants appealed to the district court and, after a trial *de novo,* judgment was also rendered sustaining the complaint. Thereupon the defendants appealed to this Supreme Court, and in their brief they have assigned only one error, thus:

" . . . . the District Court of San Juan erred in admitting in evidence the promissory notes which were alleged to have been indorsed to the plaintiff, notwithstanding the objection raised by the defendants on the ground that the indorsement had not been proved in any way, since the plaintiff had failed to prove that said indorsement was made by Machado & Co., or by any other person authorized to make it, or that the plaintiff was the owner of said promissory notes by virtue of the indorsement. . . . . "

In the complaint it was alleged that the plaintiff was the owner and present holder of three promissory notes which the defendants signed and delivered in favor of Machado & Co. and which were indorsed by the latter in favor of the plaintiff for value received, and a true and exact copy of said promissory notes was annexed to, and made a part of, the complaint.

The wording of the promissory notes and of their indorsements is the same in each case. It will suffice to transcribe one of the instruments. It reads thus:

"Amount $125.00—Maturity: January 10, 1935.—On January 10, 1935, we jointly and severally promise to pay Machado & Co., or order, in New York, the sum of ONE HUNDRED AND TWENTY-FIVE DOLLARS, value received as a loan, and we also jointly and severally

bind ourselves to pay interest at the rate of six per cent per annum after maturity and the costs and expenses that may he caused by the collection of this debt and fees of the attorney employed by the holder of this note in case of judicial action. We expressly submit ourselves to the jurisdiction of the Insular Courts of the City of San Juan, Puerto Rico.

"We expressly consent to any renewal or extension granted at the request of any of the subscribers herein, and remain jointly and severally liable for any extended balance with the same force as in the original obligation; and we waive the right to notice, presentment, and protest.

"San Juan, Puerto Rico, June 7, 1934.—(Sgd.) José de Jesús (Sgd.) Gloria de Jesús.

"(On the back) Pay to the order of Mr. Joaquín Cortada, value received—New York, January 8, 1935.—(Sgd.) Machado & Co.— Joaquín Cortada."

The defendants in their answer, which was not verified, alleged:

"*First:* As to the first paragraph of the complaint the defendants admit having signed and delivered to Machado & Co., of the city of New York, the three promissory notes referred to in the complaint but deny that the same were indorsed in favor of the plaintiff for value. On the contrary, the defendants allege that if the indorsement claimed exists the same was made only for collection."

They further alleged, in substance, that they sent merchandise to Machado & Co. for the value of $163, which amount was credited to the three promissory notes, for which reason they only owed the sum of $112 and not $375, as claimed.

Having noted the above facts, let us see now what occurred at the trial *de novo* in the district court. It was thus:

"PLAINTIFF: We offer in evidence the three original promissory notes, copies of which were made part of the complaint and whose genuineness and execution was not denied by the defendants.

"DEFENDANTS: Concerning the three promissory notes which are transcribed in the complaint, we admit that the defendants signed and delivered them to Machado & Co., originally. However, we do not admit the indorsement, which is the basis of plaintiff's action,

as the signature of Machado & Co. has not been duly authenticated, nor has it been shown who signed said promissory notes, indorsing them, or what powers he had as member of said firm to whom he indorsed them.

"PLAINTIFF: In the case against the Benítez Sugar Co., in which the defendant raised the objection that it had not been proved that the person who appeared as indorser of the promissory notes was an officer authorized by the owner of the notes and that, as such officer of the defendant, he could indorse the note, the Supreme Court held that where negotiable promissory notes were involved (as are those herein), the holder of the note, by the mere fact of the possession of the note, established that he was the owner of the same, as only the defendant or the maker of the note could be prejudiced in case that the note were presented to him, and that no person other than the holder of the note could present it for payment.

"DEFENDANT: We maintain that as in this case a mercantile partnership is involved, and it is not known who made the indorsement, but that the signature 'Machado & Co.' appears, the latter must be identified as mercantile partnership, and there must be shown and proved to the court who was the person that made the indorsement, which are two distinct matters. In the case cited by my colleague there was a person making an indorsement in the name of a legal entity. The presumption was that he was authorized therefor. In this case the indorsement appears to have been made by Machado & Co., a mercantile partnership, and in accordance with the Code of Commerce, in order that a managing partner may bind the company he must have authority to use the firm's signature; that is, that any act performed by a partner who is not authorized to sign for the partnership does not bind the latter.

"JUDGE: The documents are admitted.

"DEFENDANTS: We respectfully take an exception for the reasons stated in the objection.

"       *        *        *        *        *        *        *

"We wish to add another ground of objection. The presumption in favor of the indorsement exists in the sense that it is presumed that it is for value received, but when the presumption is rebutted, it is incumbent on the other party to prove that the transaction took place and that it was for value received. Otherwise it is considered as an act of collection. Until it is proved here that Machado & Co. received the amount of the notes in virtue of which it indorsed and delivered them to the plaintiff, unless he proves those particulars,

really he can not allege or base its action on the status of owner, as alleged in the complaint. We also object to the admission of the documents, on the further ground that it has not yet been proved that the amount of the promissory notes was delivered to the assignor.

"Judge: Let the objection be entered."

In the only error assigned, as we have seen, the merits of the question or questions involved in the suit are not treated. The appellants base their contention solely on the inadmissibility of the promissory notes, as it had not been proved that the indorsement was in fact made by Machado & Co.

■ The Code of Civil Procedure provides that when an action is brought upon a written instrument, and the complaint contains a copy of such instrument, or a copy is annexed thereto, the genuineness and the execution of such instrument are deemed admitted, unless the answer denying the same be verified. Section 119 of the Code of Civil Procedure, 1933 ed. And as in this case the answer is not verified, the genuineness of the instrument in its entirety was admitted.

That consideration alone would be sufficient to overrule the error assigned. But there is still more. Even though the answer had been verified, neither in the paragraph thereof which we have already transcribed, nor elsewhere in that pleading is it denied that the signature which is contained in the indorsement and which reads: Machado & Co., is not that of the firm Machado & Co., in whose favor the defendants signed the notes.

■ The appellants in their brief cite subdivision 5 of section 462 of the Code of Commerce, which provides that the indorsement must contain the signature of the indorser or of the person legally authorized to sign for him, which shall be stated in the subscribing clause.

At the time the instruments in question were executed the applicable law was not the Code of Commerce but Act No.

17 of 1930, that is, the Negotiable Instruments Law (Session Laws, p. 172).

Sections 31 and 32 of said act provide:

"Section 31.—An instrument is negotiated when it is transferred from one person to another in such a manner as to constitute the transferee the holder thereof. If payable to bearer it is negotiated by delivery; if payable to order it is negotiated by the indorsement of the holder completed by delivery.

"Section 32.—The indorsement must be written on the instrument itself or upon a paper attached thereto. The signature of the indorser, without additional words, is a sufficient indorsement." Laws of 1930, p. 184.

Moreover, the plaintiff, by presenting the promissory notes in evidence, proved that he was the holder thereof, and section 52 of said act provides that the holder of a negotiable instrument may sue thereon in his own name and payment to him in due course discharges the instrument, and, according to section 53, a holder in due course is a holder who has taken the instrument under the following conditions: that it is complete and regular upon its face; that he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact; that he took it in good faith and for value; and that at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it.

Those conditions were present, prima facie, in the case of the plaintiff. The defendants could have overcome the presumption, provided they had available sufficient evidence for this purpose, but until they did so—which in fact they failed to do—the court, under the attendant circumstances, could act as it did in this case admitting the promissory notes in evidence.

Therefore, as the only error assigned was not committed, the appeal must be dismissed and the judgment appealed from affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.

ON MOTION FOR REHEARING

July 30, 1937

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

On the 12th of this instant July, this case was decided by an affirmance of the judgment appealed from. Ten days afterward the defendants and appellants filed a motion for reconsideration which contains the following prayer:

"These defendants, in order to clarify this question and to avoid doubts on the part of the profession in the future, request this Hon. Court to reconsider its judgment in the sense of establishing, that when an action is brought upon an instrument, and the complaint contains a copy of such instrument, or a copy is annexed thereto, the genuineness of such instrument is deemed admitted, unless the answer be verified, but this excludes the indorsements and contracts subsequent to the execution of said instrument, for which it is not necessary to verify the answer."

The reconsideration of the judgment then is not requested. What is sought is that a certain portion of the opinion on which it is based should be clarified.

The exact manner in which the question has been raised is as follows:

"The defendants herein, upon examining the opinion rendered by this Hon. Court, find that in the same it is said:

" 'The Code of Civil Procedure provides that when an action is brought upon a written instrument, and the complaint contains a copy of such instrument, or a copy is annexed thereto, the genuineness and the execution of such instrument are deemed admitted, unless the answer denying the same be verified. Section 119 of the Code of Civil Procedure, 1933 ed. And as in this case the answer is not verified, the genuineness of the instrument in its entirety was admitted.

" 'That consideration alone would be sufficient to overrule the error assigned.'

"We wish to call the attention to this Hon. Court to the fact that what we have transcribed has a greater scope than what it seems, because if the complaint is examined it will be seen that in it the promissory notes the object of this litigation have been copied, as well as the indorsements made thereon in favor of the plaintiff in this case.

"This party agrees with the judgment and opinion in so far as it is held therein that when an instrument is transcribed in the complaint, or a copy of the same is annexed thereto, such instrument being the basis of the cause of action exercised, its genuineness and execution are deemed admitted if the answer is not verified, in accordance with section 119 of the Code of Civil Procedure of Puerto Rico.

"But this party differs in so far as it is held that said genuineness extends to everything done subsequent to the execution of the contract or instrument, whether it be indorsements or any other contract relating to the original instrument.

"If the theory expressed by this Hon. Court in the opinion rendered in this case be accepted, we would then have the theory of section 119 which we have mentioned, is extended to the indorsements which are copied in each of the causes of action set forth in the complaint herein.

"We think that the indorsements are not covered by the provisions of said section, for they are contracts subsequent to the execution of the notes, and hence the answer, in so far as they are concerned, does not have to be verified, since an indorsement must be proved.

"See the case of *Flores* v. *Heirs of Falcón*, 35 P.R.R. 112, where it is said:

" 'At the beginning of the trial the plaintiff moved that the answer be stricken out on the ground that, as the obligation sued on was copied into the complaint, the genuineness of its execution should be considered admitted under section 119 of the Code of Civil Procedure because the answer was not verified. The trial court rendered judgment without deciding that question, but the answer should not have been stricken out for the reason that although it expressly admitted the execution of the instrument, it was denied that the indorsements thereon transferred title to it, and that denial had not to be verified because the section cited refers to the genuineness and execution in due form of the instrument, but not to something posterior to its execution such as the indorsements.' "

The *Flores* case, *supra,* was not cited by appellants in their original brief. They now cite it for the purpose indicated, without citing any other authority to clear and fix the question.

As the question must be decided, we have devoted some time to its study and in our judgment both decisions of this court—that of the *Flores* case and the one in the case at bar —are not conflicting but harmonize perfectly.

It is to be noted that section 119 of the Code of Civil Procedure begins: "When an action is brought upon a *written instrument . . .* " (italics ours) and in this case the action was brought based not only on the promissory note but also on the indorsement of the same to the plaintiff which indorsement was alleged expressly in the complaint and which in fact constitutes another contract the genuineness and due execution of which under such circumstances must be considered as admitted as the complaint contained a copy of the same and the answer denying its genuineness was not verified, whereas in the *Flores* case, *supra,* although the complaint contained a copy of the promissory note and its indorsement, it does not appear from the opinion that the action was expressly based on the indorsement.

What we have said will be better understood in the light of what the Supreme Court of Kansas said in the case of *Morris* v. *Case,* 46 Pac. 54, 55, thus:

"But it is contended that a copy of the note is attached, and the indorsement appears thereon. True; but is there any allegation in the petition that intimates that the plaintiff relied upon this indorsement as his source of title? Not the slightest hint is given of any such intention. He does not allege the execution of any indorsement, nor even allege that it is a copy of the note with all indorsements thereon, or that the copy shows any indorsement. Can it be said that an indorsement is a part of the note? We think not. It is a separate and independent contract. 'The indorsement of a note is not merely a transfer thereof, but it is a fresh and substantive contract.' Daniels, Neg. Inst. sec. 669; *Hess* v. *State,* 5 Ohio, 9. We think, that, as Case did not refer to any indorsement, the unverified

850

denial of Morris put in issue the title of Case to the note, and the burden of proof was upon him. We think this is well settled in this state. In *Washington* v. *Hobart*, 17 Kan. 275, the court says: 'Originally, where a note payable to order is transferred, it is so transferred by a written indorsement, placed on its back; and, ordinarily, where such note is sued on, the plaintiff inserts in his petition an allegation of the execution of such indorsement, and such allegation can be put in issue only by a denial thereof, verified by affidavit. But a negotiable promissory note payable to order, as well as every other kind of promissory note, may be transferred in this state without any indorsement, or without any written instrument, and by delivery merely, and so as to authorize the transferee to sue in his own name. Therefore, in an action on any kind of promissory note, by a person who is not the payee thereof, where the petition says nothing about any indorsement thereof, but there is an allegation in the petition stating that the note was duly transferred to the plaintiff, and that he is now the owner and holder thereof, such allegation may be put in issue by a pleading not verified by affidavit.' A parol assignment of this note would have sustained the allegation of the petition, yet a failure to verify a denial would not admit a parol assignment. *Pattie* v. *Wilson*, 25 Kan. 326. If the note was in fact indorsed, the plaintiff should have alleged it in his petition as one of the facts constituting his cause of action. A failure to file an affidavit of denial, mentioned in section 108 of the Civil Code, admits nothing except the execution of a written instrument and the making of an indorsement thereon when they are set forth and alleged in the petition.''

Lastly, it seems advisable to transcribe the following extract from Corpus Juris with reference to the instruments to which the rule applies, and what California Jurisprudence states as to the extent of such rule.

Corpus Juris says:

''The rule as stated with reference to the necessity of denials under oath applies to articles of association, assignments and indorsements, bills of lading, bills of sale, bonds, the cancellation of a revenue stamp necessary to the validity of an instrument, contracts, deeds, guaranties, insurance policies, invoices, leases, mortgages, orders to pay money, promissory notes or instruments similar thereto. It has also been held to apply to receipts, releases, settlement contracts, subscription papers, tax sale certificates and tax deeds, and

certain other written instruments. It does not apply to a decree of a court, accounts for merchandise, or other running accounts, an unprobated will, entries on the stock books of a corporation, nor to an assignment of an instrument by its express terms nontransferable. In some jurisdictions, the only kind of contracts to which it applies are unconditional contracts in writing.'' 49 C. J. 588.

And California Jurisprudence states:

'' 'When an action is brought upon a written instrument, and the complaint contains a copy of such instrument, or a copy is annexed thereto, the genuineness and due execution of such instrument are deemed admitted, unless the answer denying the same be verified,' except where the defendant is, upon written demand, refused an inspection of the original. Under this provision, a defendant, by omitting to verify his answer, admits that the signatures on the instrument pleaded are genuine and the signers had proper authority; that the instrument is what it purports on its face to be, and was made when and where it bears date. The admission is for all the purposes of the trial, and renders it unnecessary formally to offer the instrument in evidence, or to prove its execution and genuineness.'' 21 Cal. Jur. 159.

In virtue of the foregoing, we hold that there is no ground for a reconsideration of that part of the opinion to which the motion refers.

Mr. Justice Córdova Dávila took no part in the decision of this case.