Joaquín Cortada, demandante y apelado, *v.* Gloria y José de Jesús, demandados y apelantes.

Núm. 7318.—*Sometido:* Junio 18, 1937. *Resuelto:* Julio 12, 1937.

*D. Pellón, Jr.,* abogado de los apelantes; *Dubón & Ochoteco,* abogados del apelado.

El Juez Presidente Señor del Toro emitió la opinión del tribunal.

Joaquín Cortada demandó a Gloria y José de Jesús en la Corte Municipal de San Juan en cobro de dinero y obtuvo una sentencia favorable. Apelaron los demandados para ante la corte de distrito y celebrado el juicio de nuevo recayó también sentencia declarando la demanda con lugar. Entonces los demandados recurrieron para ante este Tribunal Supremo, señalando en su alegato la comisión de un solo error, como sigue:

". . . la Corte de Distrito de San Juan erró al admitir en evidencia los pagarés que se alegaron fueron endosados al demandante

a pesar de la objeción hecha por los demandados de que el endoso no había sido probado en forma alguna; ya que el demandante no había probado que dicho endoso fuese hecho por Machado y Co., ni por persona autorizada para hacerlo, y que el demandante fuese dueño de dichos pagarés a virtud del endoso, . . .''

En la demanda se alegó que el demandante era dueño y actual tenedor de tres pagarés que los demandados suscribieron y entregaron a favor de Machado y Co. y que fueron endosados por ésta a favor del demandante, por valor, acompañándose y haciéndose formar parte de la misma copia exacta de dichos pagarés.

La redacción de los pagarés y sus endosos es igual. Bastará transcribir uno de ellos solamente. Dice:

''Montante $125.00.—Vencimiento: 10 de enero, 1935.—Pagaremos solidariamente a Machado & Co., en New York, o a su orden, el diez de enero de mil novecientos treinta y cinco, la suma de CIENTO VEINTICINCO dollars, valor recibido en préstamo y nos obligamos también solidariamente a pagar intereses de seis por ciento anual en caso de demora y las costas y gastos que ocasione el cobro de esta deuda y los honorarios del abogado que el tenedor de este pagaré utilice en caso de reclamación judicial. Nos sometemos expresamente a la competencia de los Tribunales Insulares de la ciudad de San Juan, Puerto Rico.

''Consentimos expresamente en la renovación o prórroga que se conceda a instancia de cualquiera de los firmantes quedando solidariamente responsables del balance prorrogado con igual fuerza que la obligación primitiva; y renunciamos al derecho de aviso, presentación y protesto.

''San Juan, Puerto Rico, 7 de junio, 1934.—(Fdo.) José de Jesús. (Fdo.) Gloria de Jesús.

''(Al dorso) Páguese a la orden del Sr. Joaquín Cortada, valor recibido.—New York, enero 8 de 1935.—(Fdo.) Machado & Co.— Joaquín Cortada.''

En su contestación que no está jurada los demandados alegaron:

''PRIMERO:—En cuanto al hecho primero de la demanda admiten los demandados haber suscrito y entregado a Machado & Co. de la ciudad de New York los tres pagarés a que se refiere la demanda,

pero niegan que éstos hayan sido endosados a favor del demandante por valor o cantidad alguna. Y alegan además en contrario los demandados que si existiese el endoso alegado éste endoso ha sido única y exclusivamente como comisión de cobro."

Alegaron además en resumen que enviaron a Machado & Co. mercaderías por valor de $163, valor que le fué abonado al importe de los tres pagarés, motivo por el cual sólo debían la suma de $112 y no la de $375 que se les reclama.

Conocidos esos antecedentes, veamos ahora lo ocurrido en el nuevo juicio en la corte de distrito. Fué así:

"DEMANDANTE:—Ofrecemos en evidencia los tres pagarés originales, copia de los cuales se hicieron formar parte integrante de la demanda, cuya autenticidad y firma no fueron negadas por los demandados.

"DEMANDADO:—En cuanto a los tres pagarés que aparecen transcritos en la demanda, esta parte admite haberlos suscrito y entregado a Machado & Co., originalmente. Ahora, esta parte no admite el endoso, que es donde se basa la acción del demandante por no estar debidamente autenticada la firma de Machado & Co., ni haberse demostrado la persona que suscribió dichos pagarés, endosándolos, o qué facultades tenía como miembro de dicha firma a quien los endosó.

"DEMANDANTE:—En el caso contra Benítez Sugar Co., en el que se planteó la objeción por parte del demandado de que la persona que aparecía endosando los vales o los pagarés, no se había demostrado que tuviera o fuera un funcionario autorizado del dueño de los vales y que pudiera, como tal oficial del demandado, otorgar un endoso del pagaré, y la Corte Suprema resolvió que tratándose de pagarés negociables (como son éstos) el *holder* del pagaré, el tenedor del pagaré, demostraba mediante su sola tenencia de que es dueño del mismo, ya que solamente podría el demandado o el *maker* del pagaré ser perjudicado en el caso de que se le trajera a él el vale y que ninguna otra persona puede traer un vale para su cobro que no sea el tenedor del vale.

"DEMANDADO:—Esta parte sostiene que tratándose en este caso de una sociedad mercantil, ya que en este caso no aparece quién hizo el endoso, sino que aparece la firma 'Machado & Co.', se debe identificar como sociedad mercantil, y también debe probarse y demostrarse a la Corte, la persona que hizo el endoso, que son dos cuestiones distintas. En el caso que cita el compañero aparece que hay una persona que endosa a nombre de una entidad jurídica. La presunción

es que tiene facultades. En este caso aparece hecha por Machado & Co., que es una sociedad mercantil, y, de acuerdo con el Código de Comercio, un socio gestor, para poder obligar a la compañía debe tener el uso de la firma; es decir, que cualquier acto realizado por un socio que no tenga el uso de la firma no obliga a la compañía.

"JUEZ:—Se admiten los documentos.

"DEMANDADO:—Nosotros, respetuosamente, tomamos excepción por los fundamentos de la objeción. ·

. . . . . . . . . .

"Nosotros queremos adicionar otro fundamento más de oposición. Existe la presunción a favor del endoso en el sentido de que se presume que es por valor recibido, pero cuando la presunción se niega, incumbe a la otra parte probar que ha habido la transacción y que ha sido por valor recibido. Si no, se considera una gestión de cobro. Hasta tanto no se demuestre aquí que Machado & Co. recibió el importe de los pagarés a virtud de lo cual los endosó y cedió al demandante éstos, si no prueba estos extremos en realidad no puede alegar ni basar su acción en el carácter de dueño, como lo está alegando en la demanda. Por estos fundamentos esta parte, además, se opone a la admisión de los documentos, porque no se ha demostrado todavía que ha habido la entrega de la cantidad importe de los pagarés, al cedente.

"JUEZ:—Hágala constar."

En el único error señalado, como hemos visto, no se va al fondo de la cuestión o cuestiones que puedan estar envueltas en el litigio. Los apelantes basan toda su contención en la inadmisibilidad de los pagarés por no haberse probado que el endoso fuese realmente hecho por Machado y Co.

El Código de Enjuiciamiento Civil prescribe que cuando se entable una acción fundada en un documento, y la demanda contenga copia del mismo, o ésta vaya unida a ella, la autenticidad y otorgamiento en forma de dicho documento se considerarán admitidos, a menos que se jure la contestación negando la autenticidad. Artículo 119 del Código, ed. 1933. Y como en este caso la contestación no está jurada, la autenticidad del documento en su totalidad quedó admitida.

Esta sola consideración bastaría para desestimar el error. Pero hay más. Aunque la contestación se hubiera hecho bajo

juramento, ni en el párrafo de la misma que transcribimos ni en ninguna otra parte de ella se niega que la firma que autoriza el endoso y que dice: Machado y Co., no sea la de la misma entidad Machado y Co., a favor de la cual los demandados suscribieron los pagarés.

■ Invocan los apelantes en su alegato el núm. 5 del artículo 462 del Código de Comercio que prescribe que el endoso deberá contener la firma del endosante o de la persona legítimamente autorizada que firme por él, lo cual se expresará en la antefirma.

Cuando los documentos de que se trata se otorgaron, ya la ley que regía en cuanto a ellos no era el Código de Comercio sino la núm. 17 de 1930 o sea la Ley Uniforme de Instrumentos Negociables. (Leyes de 1930, pág. 173).

Y esa ley en sus artículos 31 y 32 dispone:

"Artículo 31.—Un documento se negocia cuando se traspasa por una persona a otra de modo tal que constituya al cesionario en tenedor del mismo. Si es pagadero al portador, queda negociado por la entrega; si a la orden, queda negociado por el endoso del tenedor completado con la entrega.

"Artículo 32.—El endoso deberá estar escrito en el documento mismo o en un papel adherido al documento. La firma del endosante, sin palabras adicionales, es endoso suficiente." Leyes de 1930, p. 185.

Además, al presentarlos como prueba el demandante demostró ser el tenedor de los pagarés y la citada ley en su artículo 52 prescribe que el tenedor de un documento negociable puede ejercitar acciones judiciales fundadas en el mismo en su propio nombre, y el pago que a él se hiciere dentro del debido procedimiento de ley, cancelará el documento, reputándose tenedor de buena fe, según su artículo 53, el que ha tomado el documento con arreglo a las siguientes circunstancias: que esté completo y sea regular en su apariencia; que se convirtió en tenedor del mismo antes de estar vencido, y sin tener conocimiento de que su aceptación o pago había sido rehusado previamente, si ése fuere el caso; que lo tomó de buena fe y por causa onerosa; que cuando

le fué negociado no tenía conocimiento de defecto alguno en el documento, o en el derecho de la persona que lo negoció.

Esas circunstancias concurrían, prima facie, en el caso del demandante. Pudieron los demandados destruir la presunción si es que tenían prueba suficiente para ello, pero mientras no lo hicieran—y no lo hicieron en verdad—la corte, bajo las circunstancias concurrentes, podía actuar como actuó en este caso admitiendo los pagarés en evidencia.

No habiéndose, pues, cometido el único error que se señala, *debe declararse sin lugar el recurso y confirmarse la sentencia apelada.*

El Juez Asociado Señor Córdova Dávila no intervino.

### EN MOCION DE RECONSIDERACION

#### Julio 30, 1937

En julio 12 actual se dictó sentencia en este caso confirmando la apelada. Diez días después los demandados apelantes presentaron una moción de reconsideración que contiene la siguiente súplica:

"Esta parte a los fines de aclarar esta cuestión y evitar que surjan dudas en la profesión en el futuro, solicita de este Hon. Tribunal que reconsidere su sentencia en el sentido de aclarar, que cuando se entable una acción fundada en un documento y la demanda contenga copia del mismo o ésta vaya unida, la autenticidad de dicho documento se considera admitida a menos que se jure la contestación, y excluye por tanto los endosos y contratos posteriores al otorgamiento de dicho documento para los cuales no es necesario jurar la contestación."

No se solicita pues la reconsideración de la sentencia. Lo que se pide es que se aclare cierto extremo de la opinión en que se funda.

La exacta forma en que la cuestión se levanta, es así:

"Esta parte demandada al examinar la opinión dictada por este Hon. Tribunal, encuentra que en la misma se ha dicho lo siguiente:

" 'El Código de Enjuiciamiento Civil prescribe que cuando se entable una acción fundada en un documento, y la demanda contenga

copia del mismo, o ésta vaya unida a ella, la autenticidad y otorgamiento en forma de dicho documento se considerarán admitidos a menos que se jure la contestación negando la autenticidad. Art. 119 del Código, ed. 1933. Y como en este caso la contestación no está jurada la autenticidad del documento en su totalidad quedó admitida. Esta sola consideración bastaría para desestimar el error.'

"Queremos llamar la atención al Hon. Tribunal en el sentido de que lo antes expuesto tiene un alcance mayor que el que parece, porque si se examina la demanda se verá que en ella se han copiado los pagarés objeto de la causa de acción, así como los endosos hechos a los mismos, a favor del demandante en este caso.

"Esta parte está conforme con la sentencia y opinión en cuanto se refiere a que cuando se trascribe un documento en una demanda, o copia del mismo se une, el cual es la base de la causa de acción entablada, si no se contesta bajo juramento se tienen por admitidas su autenticidad y otorgamiento de acuerdo con el Art. 119 del Código de Enjuiciamiento Civil de Puerto Rico.

"Pero esta parte difiere en cuanto a que dicha admisibilidad sea extendida a todo aquello hecho posteriormente al otorgamiento del contrato o del documento, ya sean endosos o cualquier otro contrato relacionado con el documento original.

"Si se aceptara la teoría de este Hon. Tribunal tal cual ha sido expuesta en la opinión de este caso, tenemos entonces que la teoría del Art. 119 antes mencionado, se extiende a los endosos que aparecen copiados en cada una de las causas de acción, de la demanda en este caso.

"Entiende esta parte que los endosos no caen dentro del imperio de dicho Artículo, ya que son contratos posteriores al otorgamiento de los pagarés, y por lo tanto la contestación en cuanto a ellos respecta no tiene que ser jurada ya que un endoso hay que probarlo.

"Véase el caso de *Flores* v. *Sucrs. de José Falcón Sánchez*, 35 D.P.R. 122 que dice:

" 'Al comenzar el juicio en este caso el demandante solicitó esa eliminación fundándose en que insertada en la demanda la obligación cuyo pago se reclama, la autenticidad de su otorgamiento debe darse por admitida de acuerdo con el artículo 119 del Código de Enjuiciamiento Civil, por no estar jurada la contestación. La corte inferior dictó sentencia sin resolver esa cuestión pero esa eliminación no era procedente porque aunque la contestación aceptó expresamente el otorgamiento del documento fué negado que sus endosos trasmitieran su propiedad, negativa que no tenía que ser jurada porque el citado artículo se refiere a la autenticidad y otorgamiento en forma del do-

cumento pero no a algo posterior a su otorgamiento como son los endosos.'

"Por lo tanto, el caso antes citado aclara la situación, en el sentido de que los endosos, aunque la contestación no sea jurada no se entienden admitidos, ya que son actos posteriores al otorgamiento de los pagarés."

El caso de Flores, supra, no fué citado por la parte apelante en su alegato original. Dicha parte se limita ahora a invocarlo a los fines que indica, sin citar autoridad otra alguna que esclarezca y fije la cuestión.

Como se trata de algo que debe quedar dilucidado, hemos dedicado algún tiempo a su estudio y a nuestro juicio ambas decisiones de esta corte—la del caso de Flores y la de este caso—no están en pugna si que se armonizan perfectamente.

Véase que el artículo 119 del Código de Enjuiciamiento Civil comienza: "Cuando se entable una demanda *fundada en un documento*...." (itálicas nuestras) y aquí la acción se entabló fundada no sólo en el pagaré si que en el endoso del mismo al demandante que fué alegado en la demanda expresamente y que constituye en realidad otro contrato cuya autenticidad y otorgamiento en forma bajo tales circunstancias deben considerarse admitidos por contener la demanda copia del mismo y no haberse jurado la contestación negando su autenticidad, mientras que en el caso de Flores, supra, si bien la demanda contenía copia del pagaré y de su endoso, no consta de la opinión que la acción se basara expresamente en el endoso.

Lo que decimos se entenderá mejor a la luz de lo expuesto por la Corte Suprema de Kansas en el caso de *Morris* v. *Case,* 46 Pac. 54, 55, a saber:

"Mas se sostiene que se acompaña copia del pagaré y que el endoso aparece en el mismo. Es cierto, pero ¿existe alguna alegación en la demanda que indique que el demandante descansó en este endoso como fuente de su título? No existe el más ligero indicio de tal intensión. No alega el otorgamiento del endoso, ni siquiera que es copia del pagaré con todos sus endosos, ni que la copia muestre

endoso alguno. ¿Podría decirse que el endoso forma parte del pagaré? Creemos que no. Es un contrato separado e independiente. 'El endoso de un pagaré no equivale a un mero traspaso del mismo, sino a un contrato nuevo e independiente.' Daniels, Negotiable Instruments, sec. 669; *Hess* v. *State*, 5 Ohio 9. Creemos que como Case no se refirió a ningún endoso, la delaración no jurada de Morris planteó la cuestión del título de Case y el peso de la prueba recayó sobre éste. Creemos que esto ha quedado bien establecido en este estado. En el caso de *Washington* v. *Hobart*, 17 Kan. 275, la corte dice: 'Originalmente, cuando se transfiere un pagaré a la orden, ello tiene lugar mediante un endoso escrito puesto en su reverso; y de ordinario, cuando se demanda en cobro de tal pagaré, el demandante alega en su demanda el otorgamiento del endoso y tal alegación sólo puede estar en controversia al negarse la misma bajo juramento. Mas un pagaré negociable pagadero a la orden, al igual que todo otro pagaré, puede ser transferido en este estado sin endoso alguno, o sin necesidad de un escrito, y por la mera entrega, y en forma tal que se autorice a la persona a cuyo favor se hace el traspaso a demandar a su propio nombre. Por tanto, en un pleito en cobro de cualquier clase de pagaré, entablado por una persona que no es el tomador del mismo, cuando la demanda nada dice acerca del endoso, mas contiene la alegación de que el pagaré fué debidamente traspasado al demandante y que es ahora el dueño y tenedor del mismo, puede surgir la contienda sobre tal alegación mediante una alegación no jurada.' Una cesión verbal de este pagaré hubiese sostenido la alegación de la demanda, mas el dejarse de jurar la contestación no admitiría una cesión verbal. *Pattie* v. *Wilson*, 25 Kan. 326. Si el pagaré fué realmente endosado, el demandante debió haberlo alegado en su demanda como uno de los hechos que constituían su causa de acción. El dejar de radicar la declaración jurada mencionada en el artículo 108 del Código Civil, negando estos hechos, no admite otra cosa que el otorgamiento del documento escrito y el endoso, cuando tales hechos se alegan en la demanda.''

Parece conveniente transcribir finalmente el resumen de la jurisprudencia que hace Corpus Juris con respecto a los documentos a que se aplica la regla, y lo que expresa la Jurisprudencia de California sobre el alcance de la misma.

Dice ''Corpus Juris'':

''La regla expuesta relativa a la necesidad de negar bajo juramento es aplicable a los contratos de sociedad, cesiones y endosos,

conocimientos de embarque, facturas, fianzas, cancelación del sello de rentas internas necesario a la validez de un documento, contratos, escrituras, garantías, pólizas de seguros, arrendamientos, hipotecas, órdenes de pago, pagarés o documentos similares a éstos. También se ha dicho que es aplicable a recibos, cartas de pago, transacciones, suscripciones, certificados y escrituras de venta en pago de contribuciones, y ciertos otros documentos escritos. No es aplicable al decreto de una corte, a las cuentas de mercaderías u otras cuentas corrientes, a un testamento no protocolizado, a los asientos en los libros de acciones de una corporación ni a la cesión de un documento que por sus términos expresos no es transferible. En algunas jurisdicciones la única clase de contratos a que es aplicable es a contratos incondicionales por escrito." 49 C. J. 588.

Y expresa "California Jurisprudence":

" 'Cuando se entable una acción fundada en un documento, y la demanda contiene copia del mismo, o ésta va unida a ella, la autenticidad y otorgamiento en forma de dicho documento se considerarán admitidos, a menos que se jure la contestación negando dicha autenticidad,' excepto cuando a la parte demandada al solicitarlo por escrito no le fuere permitido inspeccionar el original. Según esta disposición, un demandado al dejar de jurar su contestación admite que las firmas que contiene el documento que sirve de base al recurso son auténticas, y que los firmantes del mismo tenían la debida autoridad; que el documento es lo que de su faz se desprende y que fué otorgado en el sitio y en la fecha indicados en el mismo. Esta admisión surte efecto para todos los fines del juicio y hace innecesario que se ofrezca formalmente el documento como prueba, o que se pruebe su otorgamiento y autenticidad." 21 Cal. Jur. 159.

*Por virtud de todo lo expuesto debe declararse no haber lugar a reconsiderar el particular de la opinión a que la moción se refiere.*

El Juez Asociado Señor Córdova Dávila no intervino.